**Petition for Writ of Mandamus Denied and Opinion filed April 18, 2013.**



In The

# Fourteenth Court of Appeals

NO. 14-13-00177-CV
NO. 14-13-00179-CV

**IN RE PATRICIA POTTS, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**257th &334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1996-50567**

## OPINION

On March 7, 2013, relator Patricia Potts filed two petitions for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petitions, relator asks this court to compel the Honorable Ken Wise, Local Administrative Judge of Harris County, to grant her permission to file litigation and an application for protective order. We deny the petitions for writ of mandamus.

**BACKGROUND**

The 11th District Court of Harris County issued an order on February 16, 2010, adjudicating relator as a vexatious litigant. On January 3, 2013, relator requested permission from Judge Wise to file a motion for child support enforcement. On January 5, 2013, relator requested permission from Judge Wise to file an application for protective order against her mother. On February 5, 2013, Judge Wise issued orders in both cases denying permission to file the motion for child support enforcement and denying permission to file the application for protective order. Relator now seeks relief from both court orders against Judge Wise.

**MANDAMUS STANDARD**

Courts will grant mandamus relief to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy available by appeal. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator generally must bring forward all that is necessary to establish a claim for relief. *See* Tex. R. App. P. 52.7; *Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 658 (Tex. 1992). A litigant wishing to appeal a decision of a local administrative judge denying a litigant permission to file litigation under section 11.102 of the Texas Civil Practice and Remedies Code may apply for a writ of mandamus with the court of appeals. Tex. Civ. Prac. & Rem. Code Ann. § 11.102(c) (Vernon Supp. 2012).

2

**ANALYSIS**

Chapter 11 of the Texas Civil Practice and Remedies Code addresses vexatious litigants—persons who abuse the legal system by filing numerous, frivolous lawsuits. Tex. Civ. Prac. & Rem. Code Ann. §§ 11.001–11.056. Section 11.101 of the statute, under which relator was declared a vexatious litigant, provides:

> (a) A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, in propria persona, a new litigation in a court of this state if the court finds, after notice and hearing as provided by Subchapter B [sections 11.051–.057] that
>
> (1) the person is a vexatious litigant; and
>
> (2) the local administrative judge of the court in which the person intends to file the litigation has not granted permission to the person under Section 11.102 to file the litigation.

Tex. Civ. Prac. & Rem. Code Ann. § 11.101(a).

The purpose of the statute is to make it possible for courts to control their dockets rather than permitting courts to be burdened with repeated filings of frivolous and malicious litigation by litigants without hope of success while, at the same time, providing protections for litigants' constitutional rights to open courts when they have genuine claims that can survive the scrutiny of the administrative judge and the posting of security to protect defendants. *In re Potts*, 357 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). In that regard, section 11.102 of the Texas Civil Practice and Remedies Code, entitled ─ "Permission by Local Administrative Judge," provides:

3

(a) A local administrative judge may grant permission to a person found to be a vexatious litigant under Section 11.101 to file a litigation only if it appears to the judge that the litigation:

(1) has merit; and

(2) has not been filed for the purposes of harassment or delay.

(b) The local administrative judge may condition permission on the furnishing of security for the benefit of the defendant as provided in Subchapter B.

Tex. Civ. Prac. & Rem. Code Ann. § 11.102 (Vernon Supp. 2012).

**Due Process**

In cause no. 14-13-00177-CV, relator contends she attempted to file a "Verified Motion for Child Support Enforcement and Joinder of Claims and Remedy." This document is not part of the mandamus record. In denying her permission to file the motion, Judge Wise noted that relator alleges that her former husband has participated in a "conspiracy" to:

1) subject Ms. Potts and her daughter "to continuous free speech retaliation, from 1998 to the present";

2) "obstruct justice of all civil litigation" regarding Ms. Potts's "report of law violations committed by public employees of the state of Texas"; and

3) deprive A.M.W. "of ordered [c]hild [s]upport ([h]ealth [i]nsurance) and needed treatment for ongoing [c]hid [a]buse perpetrated upon her from 1998 to the present."

Relator further requested that her former husband be found in contempt of the court's orders and punished by incarceration. She also asks that her former

husband be subjected to criminal prosecution for "his participation in unlawful assault and conspiracy." Judge Wise found that the only portion of Ms. Potts's petition that deals with her entitlement to allegedly past due child support is as follows:

> 33. From 1998 to the present. [Mr. William] deceived [Ms. Potts and her daughter] and failed to provide health insurance for minor A.M.W. as ordered. [Mr. William] appeared to attempt to provide health insurance benefits from a policy subscribed to by his current wife. But POTTS was unable to submit any claim against policy, because POTTS was prevented from having access to or information regarding account or policy. [Mr. William] seemed to open and cancel insurance policies for Minor A.M.W. because POTTS was informed that policy was canceled when POTTS made attempts to submit claims. And [Mr. William] failed to provide Insurance ID Card, information, or documents necessary to submit healthcare claim. And [Mr. William] refused to be contacted, or to provide his contact information to [Ms. Potts and her daughter], for participation of claim submittal or payment of un-reimbursed healthcare charges as ordered.
>
> 34. [Mr. William] refused to pay 50% of [un-reimbursed health care expenses in the amount of $433. When [Ms. Potts and her daughter] mailed receipts and statements for un-reimbursed expenses to [Mr. William], [he] sent them back marked "Unclaimed." (SEE Exhibit B) [Mr. William] refused to comply with order to provide his contact information so that [Ms. Potts and her daughter] could discuss healthcare claims and un-reimbursed expenses (sic).
>
> 35. [Mr. William] refused to pay $350 in full on the first of each month as ordered. Instead, [Mr. William] made partial payments throughout the month.

Judge Wise determined that relator's pleadings did comply with the requirements of the Texas Family Code, but "(1) nothing in the submitted

5

pleadings and documents . . . demonstrates that Ms. Potts' claims have merit; and (2) that the litigation has been filed for purposes of harassment."

Relator argues that Judge Wise violated the Fourteenth Amendment to the United States Constitution by depriving her and her daughter of enforcing their rights to child support without due process of law. Relator contends she has been denied due process because "(1) the Fourteenth Amendment prohibits the making or enforcement of any law which deprives me and my daughter of our child support rights, plus (2) my minor daughter is not subject to any pre-filing order."

This court and three sister courts of appeals have concluded that the vexatious litigant statute does not violate the vexatious litigant's constitutional due process rights. *See Potts*, 357 S.W.3d at 769; *Johnson v. Sloan*, 320 S.W.3d 388, 389–90 (Tex. App.—El Paso 2010, pet. denied); *Clifton v. Walters*, 308 S.W.3d 94, 101–02 (Tex. App.—Fort Worth 2010, pet. denied); *In re Johnson*, No. 07-07-0245-CV, 2008 WL 2681314, at *2 (Tex. App.—Amarillo Jul. 9, 2008, orig. proceeding) (mem. op.). Relator has not shown that the restrictions in the vexatious litigant statute are unreasonable or arbitrary when balanced against the purpose and basis of the statute. The statute does not authorize courts to act arbitrarily, but permits them to restrict a plaintiff's access to the courts only after first making specific findings that the plaintiff is a vexatious litigant based on factors that are closely tied to the likelihood that the litigation is frivolous. *See Potts*, 357 S.W.3d at 769; Tex. Civ. Prac. & Rem. Code Ann. § 11.054.

Although relator was found to be a vexatious litigant, chapter 11 and the trial court's order do not categorically bar her from prosecuting a lawsuit, but require her to seek permission from the local administrative judge before filing. *See* Tex.

6

Civ. Prac. & Rem. Code Ann. § 11.102. Therefore, relator has not been deprived of her access to appellate courts or her ability to seek a meaningful appeal.

In addition to asserting her due process argument, relator challenges Judge Wise's findings that her claims do not have merit and that the litigation has been filed for purposes of harassment. However, relator did not include the motion seeking child support, nor did she file a record showing she is not receiving child support. Based on the record before us, we cannot conclude Judge Wise's failure to grant relator permission to file the motion for enforcement of child support was an abuse of discretion. *See In re Goad*, No. 04-11-00894-CV, 2012 WL 138609 (Tex. App.—San Antonio Jan. 18, 2012, orig. proceeding) (mem. op.).

**Equal Protection**

In cause no. 14-13-00179-CV, relator requested permission from Judge Wise to file a motion for protective orders against relator's mother, Helen Leonard. Relator did not include the request for permission or the motion for protective orders in the mandamus record. Judge Wise's order reflects that relator claimed Leonard:

> 1) "has engaged in conduct that constitutes family violence as defined in Section 71.004 of the Texas Family Code";
>
> 2) "committed acts that were intended ... to result in physical harm, bodily injury, assault, or sexual assault against [Ms. Potts and her daughter] OR (sic) that reasonably placed [Ms. Potts and her daughter] in fear of imminent physical harm, bodily injury, assault, or sexual assault";
>
> 3) "for the past two decades" has participated in a "conspiracy to subject [Ms. Potts and her daughter] to ongoing [m]ental [a]ssault,

7

[c]hild [a]buse, and [a]ssault of [s]leep [d]eprivation for the purpose of defrauding (sic)" Ms. Potts of her "inheritance rights"(sic);

4) "published false defamation" that Ms. Potts was and continues to be a) mentally ill and/or mentally incompetent, b) diagnosed with schizophrenia; and c) threatened harm to herself and others;

5) conspired to "subject [Ms. Potts] to [m]ental [a]nguish (sic)";

6) participated in a conspiracy to injure Ms. Potts and her daughter "with [f]orced [s]leep [d]eprivation for the purpose of causing [Ms. Potts] to become MENTALLY ILL" (sic); and

7) subjected Ms. Potts and her daughter to "daily and ongoing harassment and noise disturbance" whenever she "attempted to have uninterrupted [s]leep" (sic).

Judge Wise noted that the Texas Family Code requires that an application for a temporary ex parte protective order must contain a detailed description of the facts and circumstances concerning the alleged family violence and the need for the immediate protective order. Tex. Fam. Code Ann. § 82.009. Judge Wise determined that relator's pleadings and attached documents were "comprised of broad, disjointed, and often rambling allegations." By not providing the requisite detailed description of the facts and circumstances concerning alleged family violence in her pleadings, relator "has not shown the need for the issuance of a protective order against Ms. Leonard." Judge Wise further found "1) nothing in the submitted pleadings and documents . . . demonstrates that Ms. Potts' claims have merit; and 2) that the litigation has been filed for purposes of harassment."

Relator argues that Judge Wise deprived her and her daughter of equal protection by denying permission to file the motion for protective order. We construe relator's challenge as a facial challenge to the vexatious litigant statute.

8

We conclude that, on its face, the vexatious litigant statute does not violate the constitutional right to equal protection. *See Leonard v. Abbott*, 171 S.W.3d 451, 457–58 (Tex. App.—Austin 2005, pet. denied).

In addition to her equal protection claim, relator appears to challenge Judge Wise's findings that her claims do not have merit and that the litigation has been filed for purposes of harassment. However, relator did not include the motion she sought to file in the mandamus record. Therefore, we cannot review Judge Wise's finding that she did not meet the requirements of the Texas Family Code or his findings that the pleadings do not demonstrate a meritorious claim. *See* Tex. Fam. Code § 82.009; Tex. R. App. P. 52.8(a).

Based on the record before us, we cannot conclude Judge Wise's failure to grant relator permission to file either the motion to enforce or the motion for protective order was an abuse of discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *In re Goad*, No. 04-11-00894-CV, 2012 WL 138609 at *1.

**Minor Child**

Relator further claims the trial court abused its discretion because her minor child is not subject to a pre-filing order and cannot be deprived of her rights. Relator has not presented a record showing what she attempted to file on behalf of her daughter. Further, she has not shown a right to file motions on behalf of her minor child. On the record before us, we cannot conclude Judge Wise abused his discretion in denying relator permission to file motions on behalf of her child. *See* Tex. R. App P. 52.8(a).

9

Accordingly, the petition for writ of mandamus is denied

/s/     Jeffrey V. Brown
        Justice

Panel consists of Justices Frost, Brown, and Busby.

10