**Petition for Writ of Mandamus Denied in Part and Dismissed in Part and Memorandum Opinion filed October 1, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00772-CV

## IN RE THERESA HAYNES, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-00088**

## MEMORANDUM OPINION

On September 4, 2013, relator Theresa Haynes filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator makes multiple requests for relief, including that we: (1) vacate the order of the Honorable Ken Wise, the local administrative judge of Harris County, requiring her to post a security if she decides to proceed with her litigation pro se; (2) vacate the order of the Honorable R.K. Sandill, judge of the 127th District

Court of Harris County, dismissing her litigation in cause number 2012-00088; (3) vacate the order of the Honorable Mike Engelhart, judge of the 151st District Court of Harris County, dismissing her bill of review in cause number 2013-25413; (4) vacate the order of the Honorable Jerry Sandel, judge of the 284th District Court of Montgomery County, adjudging her a vexatious litigant in cause number 04-02-01229-CV; and (5) award her $10 million in damages against the judges involved in these actions because they allegedly defamed her by referring to her as a vexatious litigant.

Under section 11.101 of the Civil Practice and Remedies Code, a court may enter an order prohibiting a person from filing, pro se, a new litigation without the permission of the local administrative judge if the court finds after notice and hearing that the person is a vexatious litigant. The order dated March 6, 2006, adjudging relator a vexatious litigant, makes relator subject to this prefiling requirement. It specifically requires her to "obtain the permission of the Local Administrative Judge before filing any other lawsuit in the State of Texas."

In 2012, relator filed an original petition in Harris County against Acceptance Casualty Company and other related entities. At the time of filing, relator was represented by counsel. Relator went to the local administrative judge, the Honorable Ken Wise, and requested permission to proceed with her case. Judge Wise determined that the litigation had merit, and that it had not been filed for the purposes of harassment or delay. Judge Wise accordingly allowed the litigation to proceed, subject to the following condition: if relator dismissed or terminated her relationship with her attorney and attempted to proceed pro se, then she must notify the trial court and furnish a security of $5,000. Otherwise, her suit may be dismissed for want of prosecution.

Relator's attorney withdrew from the case in June 2013 because of irreconcilable differences. When relator attempted to proceed pro se, the defendants in her action filed a motion to dismiss with Judge Sandill, who was presiding over the lawsuit. Judge Sandill conducted a hearing on the motion on August 23, 2013, and gave relator ten days to post a security or file a petition for writ of mandamus. Relator filed this petition rather than post the security.

Under section 11.103(a), the clerk of this court "may not file . . . [an] original proceeding . . . presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge . . . permitting the filing." Tex. Civ. Prac. & Rem. Code § 11.103(a). This rule is subject to two exceptions. The first exception, which is not applicable here, permits the clerk of the court to file a direct appeal of an order designating a person a vexatious litigant. *Id.* § 11.103(d). The second exception allows the clerk of the court to file "a timely filed writ of mandamus under Section 11.102." *Id.*

Section 11.102 restricts the types of petitions for writ of mandamus that may be pursued without prior permission of the local administrative judge. Only two types are described in the statute, and both relate to the decisions of the local administrative judge, as opposed to the judge presiding over the lawsuit. Regarding the first type, the statute provides that a vexatious litigant may seek mandamus relief if the local administrative judge denies the litigant permission to file a litigation. *Id.* § 11.102(f). Judge Wise granted relator permission to proceed with her litigation, so this provision does not apply.

As for the second type, the statute provides that a vexatious litigant may seek a writ of mandamus if the administrative judge conditions permission to file a

litigation on the furnishing of a security. *Id.* This provision captures the first complaint raised by relator; Judge Wise imposed a condition in this case, ordering relator to post a security of $5,000 if relator dismissed or terminated the relationship with her attorney. Relator asks that we set aside this condition, arguing that it creates an undue hardship and denies her meaningful access to the courts. This we decline to do.

If a vexatious litigant files a petition for writ of mandamus of the type described in Section 11.102, the statute provides that the petition must be filed with the court of appeals no later than thirty days after the decision of the local administrative judge. *Id.* Judge Wise signed his order on April 9, 2012, more than a year before relator's petition. To the extent that relator complains about the furnishing of a security, her petition for writ of mandamus is not timely and must be denied. We note further that even if the petition had been filed timely, our court has already rejected the argument that Chapter 11 operates to deprive vexatious litigants meaningful access to the courts. *See In re Potts*, 399 S.W.3d 685, 688 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding).

Relator's remaining complaints are not captured by either exception stated in Section 11.102. Therefore, relator must have the permission of the local administrative judge to file this original proceeding. *See* Tex. Civ. Prac. & Rem. Code § 11.103(a). Relator asserts in her petition that Judge Sandill permitted the filing of this original proceeding, but Judge Sandill is not the local administrative judge for Harris County.

On September 12, 2013, we notified relator that we would consider dismissal of her petition unless, within ten days, she showed that she has obtained an order from the local administrative judge permitting the filing of this original

proceeding. Relator filed a response on September 24, 2013, but the response fails to show that relator has obtained an order from the local administrative judge permitting the filing of this original proceeding. Accordingly, to the extent relator needed permission to file this original proceeding and has not shown it, the petition for writ of mandamus is ordered dismissed.

PER CURIAM

Panel consists of Justices Brown, Christopher, and Donovan.