

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00401-CV

---

IN RE R. WAYNE JOHNSON, RELATOR

---

ORIGINAL PROCEEDING

---

May 19, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relator R. Wayne Johnson is a prison inmate appearing *pro se* and *in forma pauperis*. He is also a vexatious litigant subject to a prefiling order requirement.[1] In this original proceeding, he seeks issuance of a writ of mandamus against the Honorable Doug Woodburn, judge of the 108th District Court of Potter County. We will deny the petition.

Although it does not say so explicitly, it appears relator's petition is filed pursuant to section 11.102(f) of the Texas Civil Practice & Remedies Code. TEX. CIV. PRAC. &

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101 (West Supp. 2013).

REM. CODE ANN. § 11.102(f) (West Supp. 2013). Appended to his petition are documents relator submitted on October 10, 2013, apparently seeking permission of Judge Woodburn to initiate suit to declare void certain mail room regulations enforced against relator by the Texas Department of Criminal Justice. Appended to his mandamus petition also is the notification from the Potter County District Clerk that permission to file the suit was denied, dated October 14.

A local administrative judge may grant permission to a vexatious litigant subject to a prefiling order to file a litigation only if it appears to the judge that the litigation has merit and has not been filed for the purposes of harassment or delay. TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(d) (West Supp. 2013). The writ of mandamus will issue to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy available by appeal. *In re Prudential Ins. Co. of America,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629-30 (Tex. 1996) (orig. proceeding). By statute, no appeal lies from a local administrative judge's denial of permission to file a suit, but mandamus relief is available. TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(f) (West Supp. 2013); *see In re Potts*, 399 S.W.3d 685 (Tex. App.—Houston [14th Dist.] 2013) (orig. proceeding) (applying *Prudential Ins*. mandamus standard in review under § 11.102).

A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1990) (orig. proceeding) (quoting *Johnson v. Fourth Court of*

2

*Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). In particular cases, application of the abuse of discretion standard may involve review of factual issues or matters committed to the trial court's discretion, *Walker*, 827 S.W.2d at 839, as to which the relator must establish that the trial court reasonably could have reached only one decision. *Id.* at 840. Or it may involve review of the trial court's determination of legal principles, as to which the reviewing court gives much less deference to the trial court, because a trial court has no "discretion" in determining what the law is or applying the law to the facts. *Id.* Review of a local administrative judge's decision denying permission to file a suit under Civil Practice and Remedies Code section 11.102(f) may involve both review of factual issues and review of the judge's determination of legal principles.

The burden to demonstrate entitlement to mandamus relief is on the relator. *See Walker*, 827 S.W.2d at 837. This includes providing an adequate record to substantiate the allegations contained in the petition for writ of mandamus. *See* TEX. R. APP. P. 52.7; *Dallas Morning News v. Fifth Court of Appeals,* 842 S.W.2d 655, 658 (Tex. 1992) (orig. proceeding).

The document relator filed with the district clerk on October 10 does not identify or describe the defendant he proposes to sue. Appended to his mandamus petition is a copy of a step one grievance form in which relator described a "campaign of harassment" by various individuals, apparently prison employees, regarding the handling of relator's mail. But the grievance form is dated in November 2013, weeks after the district clerk notified relator of the denial of permission to file his suit. We are

3

thus unable to conclude that Judge Woodburn had the benefit of any of the factual allegations contained in the grievance form. The two-page document relator filed with the district clerk contains no factual allegations. Its contents consist almost exclusively of conclusory assertions of the voidness of particular mail regulations and brief quotes from appellate opinions.

Relator's mandamus petition says little about his proposed litigation over the mail regulations. Rather he asserts Judge Woodburn should not have applied against him the pre-filing order issued in 2001 by the 156th District Court of Bee County, Texas, which declared relator a vexatious litigant.[2] Relator here contends the Bee County order is void, for two reasons. First, because he appeared in the Bee County litigation *pro se,* and is not a licensed attorney, the resulting order is void for reasons of public policy. Second, relator revives a contention we have rejected previously, that the Bee County pre-filing order is void because the Attorney General of Texas filed the motion in Bee County requesting the finding that relator is a vexatious litigant. Relator continues to assert the Attorney General had no authority to appear in the Bee County case, under Government Code § 402.021. *See In re Johnson,* 07-07-0431-CV, 2009 Tex. App. LEXIS 5795 (Tex. App.—Amarillo July 27, 2009, orig. proceeding) (mem. op.) (rejecting argument).

---

[2] *See, e.g., Johnson v. Cornelius,* No. 07-11-00091-CV, 2011 Tex. App. LEXIS 7762, at *10-12 (Tex. App.—Amarillo September 28, 2011, no pet.) (mem. op.) (referring to 2001 Bee County district court prefiling order).

We see no merit in relator's contentions, and find his petition does not demonstrate a clear abuse of discretion by Judge Woodburn in the denial of permission to file suit.  Accordingly, we deny relator's petition for writ of mandamus.[3]



Per Curiam

---

[3] In addition, we note relator has not complied in this court with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code with respect to his mandamus petition.  *See* Act of June 29, 2011, 82nd Leg., 1st C.S., ch. 3, § 12.01(a), 2011 Tex. Gen. Laws 116, 161 (amending Chapter 14 effective January 1, 2012, to make it applicable to actions, including appeals and original proceedings, brought by indigent inmates in appellate courts) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2013)); *Douglas v. Moffett,* 418 S.W.3d 336, 338-39 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (discussing amendment and prior law).  The affidavit of indigence filed with his petition was not accompanied by a separate affidavit detailing court actions previously filed by relator, as required by § 14.004(a), or a certified copy of his inmate trust account statement as required by §§ 14.004(c) and 14.006(f). TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(a), 14.004(c) (West Supp. 2013), 14.006(f) (West 2002). Relator's failure to comply with Chapter 14's requirements in this court makes his mandamus petition subject to dismissal.