**Petition for Writ of Mandamus Dismissed in Part, Dismissed for Lack of Jurisdiction in Part, and Denied in Part, and Memorandum Opinion filed June 17, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00388-CV

## IN RE PATRICIA ANN POTTS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-74161**

---

## MEMORANDUM OPINION

On May 21, 2014, relator Patricia Ann Potts filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court for various forms of relief, including vacating a February 2010 order designating her a vexatious litigant, compelling the Harris County District Clerk and an e-filing service provider to file certain

pleadings, and compelling various trial court judges to act on her requests for litigation.

In February 2010, the Honorable Mike Miller, presiding judge of the 11th District Court of Harris County, designated relator a vexatious litigant pursuant to Chapter 11 of the Texas Civil Practice and Remedies Code. Pursuant to that judgment, relator is subject to a pre-filing order that prohibits her from filing, *pro se*, any new litigation in this state without the prior permission of the local administrative judge. *See* Tex. Civ. Prac. & Rem. Code §§ 11.101, 11.102.

As the first issue in her mandamus petition, relator seeks to have the vexatious litigant order vacated on the grounds that it is void. Specifically, relator asserts the order was issued in violation of her due process rights, the trial court lacked jurisdiction to enter the order, and the order was predicated on fraud.

Relator's assertion that the vexatious litigant order is void because relator was deprived of due process has twice been considered by this Court, and dismissed both times on the grounds that the order is subject to appeal. *See In re Potts*, No. 14-13-01085-CV, 2014 WL 2039983, *1 (Tex. App.—Houston [14th Dist.] May 15, 2014, orig. proceeding) (mem. op. per curiam); *In re Potts*, No. 14-12-00194-CV, 2012 WL 987857, *1 (Tex. App.—Houston [14th Dist.] Mar. 22, 2012, orig. proceeding) (mem. op. per curiam); *see also* Tex. Civ. Prac. & Rem. Code § 11.101(c). Relator fails to acknowledge these prior attempts to obtain mandamus relief on the same basis, and provides no explanation why this Court's conclusion should be any different on this, her third, attempt.

Relator's claims of lack of jurisdiction and fraud appear to be effectively the same as her due process argument, just slightly reframed. Relator bases her claims

2

of lack of jurisdiction and fraud on the allegation that she was wrongfully incarcerated and, consequently, did not have notice and an opportunity to be heard. *See, e.g.*, *In re Park Mem'l Condo. Ass'n, Inc.*, 322 S.W.3d 447, 450 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) ("Due process, on a fundamental level, requires notice and a fair opportunity to be heard."). As noted, we have twice previously dismissed relator's due process claim. Given the absence of any substantive difference between her due process claim and her claims of lack of jurisdiction and fraud, we see no basis for a different outcome as to her jurisdiction and fraud claims.

Accordingly, relator's petition for writ of mandamus is dismissed as it pertains to her request for mandamus relief to vacate the order designating her a vexatious litigant.

In her second issue, relator seeks mandamus relief with respect to respondents Harris County District Clerk and File & ServeXpress (an e-filing service provider). Our mandamus jurisdiction is limited. By statute, we have authority to issue a writ of mandamus against a judge of a district or county court in our court of appeals district, and as necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code § 22.221. Neither the Harris County District Clerk nor File & ServeXpress is a judge of a district or county court. Nor is issuance of the writ against either of these respondents necessary to enforce our jurisdiction. Therefore, we have no jurisdiction to grant the requested relief. Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction as it pertains to the Harris County District Clerk and File & ServeXpress.

Also in her second issue, relator seeks mandamus relief to compel action by three different trial judges with respect to certain litigation requests relator purportedly attempted to pursue. To be entitled to mandamus relief, a relator is require to file "a certified or sworn copy of any . . . document showing the matter complained of," Tex. R. App. P. 52.3(k)(1)(A), and "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," Tex. R. App. P. 52.7(a)(1). However, relator failed to include copies of any of the supposed litigation requests with her petition. "The relator generally must bring forward all that is necessary to establish a claim for relief." *In re Potts*, 399 S.W.3d 685, 686 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding). Without a sufficient record, relator cannot satisfy her burden to demonstrate entitlement to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Finally, to the extent relator seeks relief from decisions of the local administrative judge of Harris County denying relator's requests to file new litigation, *see* Tex. Civ. Prac. & Rem. Code § 11.102(f), relator again fails to satisfy her burden. Section 11.102(d) of the Texas Civil Practice and Remedies Code provides that a local administrative judge "may grant permission to a vexatious litigant subject to a prefiling order . . . to file a litigation only if it appears to the judge that the litigation: (1) has merit; and (2) has not been filed for the purposes of harassment or delay." Aside from not including copies of any of the litigation requests she attempted to pursue, *see* Tex. R. App. P. 52.3(k)(1), 52.7(a), relator makes no argument whatsoever that any such requests have merit

4

or were not filed for purposes of harassment and delay, *see* Tex. R. App. P. 52.3(h).

Relator has not satisfied her burden to demonstrate entitlement to mandamus relief to compel action on her requests for litigation by any of the trial court judges identified as respondents. Accordingly, we deny relator's petition for writ of mandamus as it pertains to these respondents.


PER CURIAM

Panel consists of Justices Boyce, Christopher, and Busby.