**Petition for Writ of Mandamus Denied and Memorandum Opinion filed July 17, 2014.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00557-CR

IN RE LEE CARL BANKS, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
209th District Court
Harris County, Texas
Trial Court Cause No. 1210223

## MEMORANDUM OPINION

On July 9, 2014, relator Lee Carl Banks filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Michael McSpadden, presiding judge of the 209th District Court of Harris County, to rule on a purported motion filed with the trial court requesting a copy of the reporter's record from relator's trial.

To be entitled to mandamus relief, a relator is required to file "a certified or sworn copy of any . . . document showing the matter complained of," Tex. R. App. P. 52.3(k)(1)(A), and "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," Tex. R. App. P. 52.7(a)(1). However, relator failed to include with his petition a copy of the motion supposedly filed with the trial court. "The relator generally must bring forward all that is necessary to establish a claim for relief." *In re Potts*, 399 S.W.3d 685, 686 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding). Without a sufficient record, relator cannot satisfy his burden to demonstrate entitlement to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Even if relator had provided a sufficient record, he still would not be entitled to mandamus relief. To obtain mandamus relief based on a trial court's failure or refusal to act on a motion, the relator must show that the trial court: (1) had a legal duty to rule; (2) was asked to rule; and (3) failed or refused to do so. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding). At the time relator claims to have filed his motion with the trial court, this Court had affirmed relator's conviction in the underlying proceedings, and the mandate had issued. "When a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court." *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002).

"Once general jurisdiction has expired, and absent direction from a higher court, a trial court can act only if, and to the extent, it is authorized to do so by a

specific statutory source." *Skinner v. State*, 305 S.W.3d 593, 594 (Tex. Crim. App. 2010) (per curiam). Relator has not identified an applicable statute that would convey jurisdiction to—and thereby impose a duty on—the trial court to rule on his motion. "In general, . . . [a trial court] does not have a duty to rule on free-floating motions unrelated to currently pending actions. In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case." *In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, *1 (Tex. App.—Texarkana Apr. 13, 2004, orig. proceeding) (mem. op.); *see also In re Thompson*, No. 14-14-00247-CV, 2014 WL 1482486, *2 (Tex. App.—Houston [14th Dist.] Apr. 15, 2014, orig. proceeding) (mem. op. per curiam) ("In the absence of plenary power, the trial court had no legal duty to rule on relator's motion . . . .").

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Christopher, Jamison, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).