**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 26, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00669-CR

### NO. 14-14-00670-CR

---

### IN RE DECARLOS MONTRAY GARRETT, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**338th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 0870048 and 0886344**

---

## MEMORANDUM OPINION

On August 18, 2014, relator Decarlos Montray Garrett filed a petition for writ of mandamus in this court pertaining to two underlying criminal cases. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks

this court to compel the Honorable Brock Thomas, presiding judge of the 338th District Court of Harris County, to rule on a motion for post-conviction forensic DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure.

To be entitled to mandamus relief with respect to a criminal law matter, relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). "[A] trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling . . . ." *In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Thus, in appropriate cases, mandamus may issue to compel a trial court to act on a motion.

Relator, however, has not demonstrated his entitlement to mandamus relief. "The relator generally must bring forward all that is necessary to establish a claim for relief." *In re Potts*, 399 S.W.3d 685, 686 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding); *see also* Tex. R. App. P. 52.3(k)(1)(a), 52.7(a)(1). Although relator asserts in his petition that he filed a motion for DNA testing, relator includes no documentation in his appendix demonstrating that such a motion was filed with the trial court, let alone brought to the trial court's attention. There is no basis for this court to conclude on the limited information filed by relator that the trial court has failed or refused to perform a ministerial duty.

Accordingly, we deny relator's petition for writ of mandamus.

2

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).