**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 26, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00668-CV

---

### IN RE DAVID HAYNES, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**309th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2004-18420**

---

## MEMORANDUM OPINION

On August 15, 2014, relator David Haynes filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Sheri Y. Dean, presiding judge of the 309th District Court of Harris County, to vacate an order granting a motion to disqualify relator's counsel.

Mandamus relief is appropriate where a trial court abuses its discretion in disqualifying counsel. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (per curiam) (orig. proceeding). As the party seeking relief, relator bears the burden of demonstrating his entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). This burden includes filing a sufficient record in support of the petition. *See In re Potts*, 399 S.W.3d 685, 686 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding) ("The relator generally must bring forward all that is necessary to establish a claim for relief."); *see also* Tex. R. App. P. 52.3(k)(1)(a), 52.7(a)(1).

Relator has not satisfied his obligation to provide a sufficient record. The only document relator includes in support of his petition is a certified copy of the challenged order granting the motion to disqualify. Relator does not include a copy of the reporter's record from either the hearing on the motion to disqualify or the hearing on relator's motion to reconsider. Relator also does not include any of the motion papers filed in the underlying litigation on the disqualification issue. As a consequence, this court has no information regarding the evidence that was before the trial court on this matter.

"[I]n the final analysis, this court cannot and will not find an abuse of discretion on an incomplete record." *In re Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Without an understanding of what information was before the trial court, this court does not have a basis on which to conclude that the trial court abused its discretion in disqualifying relator's attorney. The trial court's order by itself is insufficient to demonstrate an abuse of

discretion. Thus, relator has not satisfied his burden to demonstrate entitlement to mandamus relief.

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Justices McCally, Brown, and Wise.