# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00771-CV

**Erik Leonard, Appellant**

**v.**

**Ken Paxton, Attorney General of Texas; the Harris County-Houston Sports Authority; Harris County; and the City of Houston, Appellees**

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-06-000810, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Erik Leonard filed a notice of appeal in this Court on October 4, 2019. Leonard is on the State of Texas's list of vexatious litigants and is subject to a prefiling order filed in Travis County.[1]  *See* Tex. Civ. Prac. & Rem. Code 11.101(a) (generally authorizing court to enter order prohibiting person from filing "new litigation" pro se without permission from local administrative judge when court finds that person is "vexatious litigant" after notice and

---

[1] Chapter 11 of the Texas Civil Practice and Remedies Code requires that the Office of Court Administration "post on the agency's Internet website a list of vexatious litigants subject to prefiling orders." *See* Tex. Civ. Prac. & Rem. Code § 11.104(b).  The list reflects that on April 21, 2003, the 200th District Court of Travis County signed an order declaring Leonard a vexatious litigant and prohibiting Leonard from filing, pro se, new litigation in a court to which the order applies without seeking and obtaining the permission of the local administrative judge of the type of court in which he intends to file. *See* https://www.txcourts.gov/All_Archived_Documents/JudicialInformation/oca/pdf/vex/ErikLeonard.pdf (last visited Apr. 8, 2020).

hearing).  We will dismiss the appeal because Leonard has not complied with Texas Civil Practice and Remedies Code Chapter 11, which governs vexatious litigants.  *See id*. §§ 11.001–.104.

Chapter 11 provides that a clerk of a court may not file a "litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing."  Tex. Civ. Prac. & Rem. Code § 11.103; *see Douglas v. Government Emps. Ins.*, No. 01-12-00129-CV, 2013 WL 1490497, at *1–2 (Tex. App.—Houston [1st Dist.] Apr. 11, 2013, no pet.) (mem. op.) (per curiam) (describing Chapter 11 prefiling requirements for vexatious litigants). Consequently, by order dated February 28, 2020, we stayed this appeal and notified Leonard that he was required to obtain the permission of the local administrative judge to file this appeal, provided him with the address of the local administrative judge, and ordered him within fifteen days of the date of the order to demonstrate to this Court that he had obtained permission from the local administrative judge to file this appeal.  We notified Leonard that, if he failed to comply with the order, we would dismiss his appeal for want of jurisdiction.  *See* Tex. Civ. Prac. & Rem. Code § 11.1035 (on receiving notice from clerk that litigation was mistakenly filed by vexatious litigant, court shall immediately stay litigation and dismiss litigation unless plaintiff obtains permission under Section 11.102(a)); *Douglas*, 2013 WL 1490497, at *2 (dismissing appeal because vexatious litigant failed to comply with appellate court's request that he file proof that he had obtained permission from local administrative judge).

To date, Leonard has failed to demonstrate that he obtained the local administrative judge's permission to file this appeal.  Instead, he has filed a motion for reconsideration.  Construing his motion liberally, *see Housing Authority of City of Austin*

2

*v. Elbendary*, 581 S.W.3d 488, 491 n.1 (Tex. App.—Austin 2019, no pet.) (explaining that courts "construe pro se filings liberally and with patience"), he argues that he is not required to obtain permission from the local administrative judge. He does not dispute that this Court upheld a prefiling order rendered against him, *see generally Leonard v. Abbott*, 171 S.W.3d 451, 454–64 (Tex. App.—Austin 2005, pet. denied), or that the order requires him to obtain permission before filing "a new litigation" in the courts of this state, *see* https://www.txcourts.gov/All_Archived_Documents/JudicialInformation/oca/pdf/vex/ErikLeonard.pdf (last visited Apr. 24, 2020). Instead, he argues that the present case—filed almost three years after the prefiling order was rendered—does not constitute "a new litigation," *see* Tex. Civ. Prac. & Rem. Code 11.101(a), because it concerns the same subject matter as *Abbott*. We agree that both cases concern Leonard's challenge to the issuance of the same municipal bonds, *see Abbott*, 171 S.W.3d at 454–55 (tracing Leonard's "long history of filing lawsuits and appeals to contest the issuance and approval of bonds in Harris County related to the construction of new sports arenas in that locale"), but that does not exempt it from the prefiling order. On the contrary, preventing such repeated filings is the core purpose behind chapter 11. *See In re Potts*, 399 S.W.3d 685, 687 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding) ("The purpose of [chapter 11] is to make it possible for courts to control their dockets rather than permitting courts to be burdened with repeated filings of frivolous and malicious litigation by litigants without hope of success while, at the same time, providing protections for litigants' constitutional rights to open courts when they have genuine claims[.]"). We deny Leonard's motion for reconsideration. Having concluded Leonard is subject to the prefiling order, we dismiss this appeal for want of jurisdiction.

_____

          Edward Smith, Justice

Before Justices Goodwin, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed:   April 10, 2020