**Opinion filed January 12, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00363-CV

_____

## IN RE JOSHUA P. KNIGHT

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

Relator, Joshua P. Knight, filed this original petition for writ of mandamus requesting that we order the Honorable Denn Whalen, the presiding judge of the 70th Judicial District Court and the local administrative judge for the district courts of Ector County, to grant Relator, a vexatious litigant, permission to file a lawsuit in Ector County.  We deny the petition.

The Honorable Melody Wilkinson, presiding judge of the 17th District Court in Tarrant County, Texas, declared Relator a vexatious litigant on May 17, 2021. *See* *https://www.txcourts.gov/media/1452219/joshua-p-knight.pdf*.  As such, Relator must now obtain permission from an appropriate local administrative judge before he may file any lawsuit.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(a) (West 2017).

In the instant case, Relator states that he filed a request with Judge Whalen on November 28, 2022, for permission to file a lawsuit in Ector County against two individuals that purports to involve a contract dispute and "a possible civil conspiracy." Within his petition, Relator attaches an uncertified copy of the apparent motion to file suit, which names two other individuals as defendants and offers disjointed and incongruous arguments regarding Relator's supposed claims. Relator states that Judge Whalen's "failure" to grant or deny this motion within 28 days denied him "due process and equal protection of law." We disagree.

First, Realtor has not shown that Judge Whalen has had the opportunity to review or rule on Relator's request to file the underlying lawsuit. We cannot compel Judge Whalen to issue an order on a request that has not been presented to him for determination. *See Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding) ("As a rule, mandamus is not available to compel an action which has not first been demanded and refused") (citations omitted); *In re Montes*, No. 03-15-00573-CV, 2015 WL 5514604, at *1 (Tex. App.—Austin Sept. 16, 2015, orig. proceeding) (denying mandamus where Relator did not show that "he presented the judge with his requested relief").

Second, we note that Relator's "motion" does not meet the criteria in Section 11.102(d) because most, if not all, of Relator's claims appear to be without merit and the proposed litigation appears to be filed for the purposes of harassment. *See* Civ. Prac. & Rem. Code § 11.102(d) (a local administrative judge may only permit a filing if the litigation has merit and has not been filed for the purposes of harassment or delay).

Third, we, and some of our sister courts, have concluded that the vexatious litigation statute does not violate a litigant's due process rights because (1) the restrictions in the statute are not unreasonable or arbitrary, and (2) the statute does not allow courts to act arbitrarily as it provides specific factors and parameters "that

are closely tied to the likelihood that the litigation is frivolous." *In re Potts*, 399 S.W. 3d 685, 688 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding) (collecting cases); *Thomas v. Adams*, No. 11-12-00312-CV, 2014 WL 5463528, at *2 (Tex. App.—Eastland Oct. 9, 2014, no pet.). Moreover, it has been held that the statute, on its face, does not violate a litigant's rights to equal protection under the law. *See In re Potts*, 399 S.W. 3d at 689*; Leonard v. Abbott*, 171 S.W.3d 451, 457–58 (Tex. App.—Austin 2005, no pet.).

Additionally, we conclude that Relator's petition does not comport with Rule 52 of the Texas Rules of Appellate Procedure. *See, e.g.*, TEX. R. APP. P. 52.3 (requiring specific form and contents of the petition); 52.6(a) (requiring certified or sworn copies of material documents); and 52.6(c) (requiring all parties to be served). We cannot perform a meaningful review of Relator's petition without his compliance with the Rules of Appellate Procedure. *In re Solis*, No. 05-17-01143-CV, 2017 WL 4546030, at *1 (Tex. App.—Dallas Oct. 12, 2017, orig. proceeding) ("An appellate court must deny mandamus relief if the relator's petition fails to comply with the requirements of Rule 52 in such a manner that the appellate court is precluded from conducting a meaningful review of the trial court's order."). For these reasons, we conclude that Relator's petition for writ of mandamus should be denied. *See Terrazas*, 829 S.W.2d at 723; *In re Montes*, 2015 WL 5514604, at *1; *In re Solis*, 2017 WL 4546030, at *1.

Accordingly, we deny Relator's petition for writ of mandamus.

PER CURIAM

January 12, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

3