**Opinion filed January 12, 2023**



# In The

# Eleventh Court of Appeals

_____

## 11-22-00364-CV

_____

## IN RE JOSHUA P. KNIGHT

### Original Mandamus Proceeding

## M E M O R A N D U M   O P I N I O N

Relator, Joshua P. Knight, filed this original petition for writ of mandamus requesting this court to order the Honorable Denn Whalen, the presiding judge of the 70th District Court and the local administrative judge for the district courts of Ector County, to grant Relator, a vexatious litigant, permission to file a lawsuit. We deny the petition.

The Honorable Melody Wilkinson, presiding judge of the 17th District Court in Tarrant County, Texas, declared Relator a vexatious litigant on May 17, 2021. *See https://www.txcourts.gov/media/1452219/joshua-p-knight.pdf.* As such, Relator must now obtain permission from an appropriate local administrative judge before

filing any lawsuit.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(a) (West 2017).

In the instant case, Relator requested that Judge Whalen allow him to file a lawsuit in Ector County wherein he alleged various tort claims against two individuals for purported actions that occurred approximately two years ago in the Dallas-Fort Worth area.  On November 18, 2022, Judge Whalen signed an order and denied Relator permission to file the suit, finding that "the proposed litigation "has no merit and is filed for the purpose of harassment."  *See* CIV. PRAC. & REM. § 11.102(d) (allowing the local administrative judge to grant permission for a vexatious litigant to file litigation *only if* it appears that the litigation has merit and is not filed for the purposes of harassment or delay).  Ten days later, Relator requested that Judge Whalen grant permission for him to file a similar lawsuit in Ector County.  On November 30, Judge Whalen signed an order and denied Relator's second request, finding that the proposed litigation was lacking in merit and filed for the purposes of harassment; Judge Whalen's order further noted that there was "no substantive difference" between Relator's pleadings in both filings.  Relator filed this petition for writ of mandamus on December 29.

Relator's petition must be denied for several reasons.  As an initial matter, Relator's petition does not comport with Rule 52 of the Texas Rules of Appellate Procedure.  *See, e.g.*, TEX. R. APP. P. 52.3 (requiring specific form and contents of the petition); 52.6(a) (requiring certified or sworn copies of material documents); and 52.6(c) (requiring all parties to be served).  We cannot perform a meaningful review of Relator's petition without his compliance with the applicable Rules of Appellate Procedure.  *In re Solis*, No. 05-17-01143-CV, 2017 WL 4546030, at *1 Tex. App.—Dallas Oct. 12, 2017, orig. proceeding) ("An appellate court must deny mandamus relief if the relator's petition fails to comply with the requirements of

Rule 52 in such a manner that the appellate court is precluded from conducting a meaningful review of the trial court's order.").

In addition, to the extent Relator attempts to file a mandamus proceeding based on Judge Whalen's November 18 order, we conclude that such a request is untimely. CIV. PRAC. & REM. § 11.102(f) (a vexatious litigant may only file a petition for writ of mandamus from the decision of the local administrative judge within 30 days of entry of the judge's decision). Therefore, we lack jurisdiction to entertain any mandamus proceeding that relates to Judge Whalen's November 18 order. *See id.*; *Nunu v. Risk*, 612 S.W.3d 645, 656 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *In re Johnson*, 390 S.W.3d 584, 586 (Tex. App.—Amarillo 2012, orig. proceeding). We do note, however, the substantial similarity in the filings that Relator presented in the two lawsuits. We further note that a Relator's statutory privilege for permissive mandamus filings under Section 11.102(f) cannot be earned by a vexatious litigant who repeatedly files the same lawsuit for the purpose of obtaining a later-in-time denial from the local administrative judge. Such a practice would render the parameters provided by Section 11.102 meaningless.

We next turn to the merits of Relator's mandamus petition. To obtain relief in a mandamus proceeding, a Relator must show that (1) the Respondent clearly abused his discretion, and (2) the Relator does not have an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136–37 (Tex. 2004) (orig. proceeding); *In re Potts*, 399 S.W.3d 685, 686 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding). Upon our request, the Ector County District Clerk's Office provided us with the orders signed by Judge Whalen at issue in this proceeding. After reviewing these orders and Relator's underlying petition, we conclude that Judge Whalen did not abuse his discretion, clearly or otherwise, when he denied Relator's requests to file either lawsuit. *See* CIV. PRAC. & REM. § 11.102(d) (the local administrative judge cannot grant permission if the litigation appears meritless

3

or is filed for the purpose of harassment); *In re Potts*, 399 S.W.3d at 690 (denying mandamus where Relator did not demonstrate that the local administrative judge clearly abused his discretion); *In re* Cooper, No. 05-21-00155-CV, 2021 WL 3377870, at * 1 (Tex. App.—Dallas Aug. 3, 2021, orig. proceeding) (same).

Accordingly, we deny Relator's petition for writ of mandamus.

PER CURIAM

January 12, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

4