**Petition for Writ of Mandamus Denied and Opinion filed November 29, 2011.**



In The

# Fourteenth Court of Appeals

———————————

## NO. 14-11-00947-CV

———————————

## IN RE PATRICIA A. POTTS, Relator

———————————

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-51275**

———————————

# O P I N I O N

Relator Patricia A. Potts has filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator, who has been declared a vexatious litigant, complains that respondent, the Honorable Al Bennett, presiding judge of the 61st District Court of Harris County, Texas, has failed to rule on her request for permission to file a writ of mandamus against the Harris County District Clerk. Relator further seeks writs of mandamus against (1) the Honorable Joseph J. Halbach, presiding judge of the 333rd District Court of Harris County in his capacity as the local administrative judge, for failing to grant permission to file the petition for writ of

mandamus, and (2) Chris Daniel, Harris County District Clerk, for failure to file relator's motion for permission to file petition for writ of mandamus.

## BACKGROUND

The 11th District Court of Harris County issued an order on February 16, 2011, adjudicating relator as a vexatious litigant. Several months later, on August 29, 2011, relator filed in the 61st District Court of Harris County a motion for permission to file a petition for writ of mandamus against Chris Daniel, Harris County District Clerk, Vince Ryan, Harris County Attorney, Patricia Lykos, Harris County District Attorney, and Greg Abbott, Attorney General of Texas. Shortly thereafter, on September 7, 2011, relator filed a request with Judge Halbach, the Harris County Local Administrative Judge, asking for permission to file a petition for writ of mandamus against the same respondents.

Judge Halbach signed an order on September 16, 2011, denying relator's request to file a petition for writ of mandamus, finding:

> 1.      All of the public officials and the respective governmental agencies listed above have responded to [relator's] requests in an appropriate manner; and
>
> 2.      Nothing in the documents [relator] submitted demonstrates that her claims have merit.

Relator now seeks mandamus relief from this court against Judge Halbach and Judge Bennett as well as District Clerk Chris Daniel.

## LACK OF MANDAMUS JURISDICTION OVER DISTRICT CLERK

Relator asks this court to compel the district clerk to file relator's motion for permission to file a petition for writ of mandamus. We do not have jurisdiction to compel the district clerk to file relator's mandamus petition. *See* Tex. Gov't Code Ann. § 22.221. (limiting the courts of appeals' mandamus jurisdiction to (1) writs against a district court judge or county court judge in the court of appeals' district, and (2) all writs necessary to

2

enforce the court of appeals' jurisdiction.). Accordingly, we dismiss the mandamus proceeding to the extent relator seeks mandamus against District Clerk Chris Daniel.

### MANDAMUS STANDARD

Courts will grant mandamus relief to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy available by appeal. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator generally must bring forward all that is necessary to establish a claim for relief. *See* Tex. R. App. P. 52.7; *Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 658 (Tex. 1992).[1]

### ANALYSIS

Chapter 11 of the Texas Civil Practice and Remedies Code addresses vexatious litigants—persons who abuse the legal system by filing numerous, frivolous lawsuits. Tex. Civ. Prac. & Rem. Code Ann. §§ 11.001–11.056. Section 11.101 of the statute, under which relator was declared a vexatious litigant, provides:

> (a) A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, in propria persona, a new litigation in a court of this state if the court finds, after notice and hearing as provided by Subchapter B [sections 11.051–.057] that
>
> (1) the person is a vexatious litigant; and
>
> (2) the local administrative judge of the court in which the person intends to file the litigation has not granted permission to the person under Section 11.102 to file the litigation.

Tex. Civ. Prac. & Rem. Code Ann. § 11.101(a).

The purpose of the statute is to make it possible for courts to control their dockets rather than permitting courts to be burdened with repeated filings of frivolous and malicious litigation by litigants without hope of success while, at the same time, providing

---

[1] The legislature has now made clear that a decision of a local administrative judge denying a litigant permission to file litigation under section 11.102 may be reviewed by petition for writ of mandamus to the court of appeals. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.102(c) (effective Jan. 1, 2012).

protections for litigants' constitutional rights to open courts when they have genuine claims that can survive the scrutiny of the administrative judge and the posting of security to protect defendants. *In re Douglas*, 333 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). In that regard, section 11.102 of the Texas Civil Practice and Remedies Code, entitled "Permission by Local Administrative Judge," provides:

> (a) A local administrative judge may grant permission to a person found to be a vexatious litigant under Section 11.101 to file a litigation only if it appears to the judge that the litigation:
>
> (1) has merit; and
>
> (2) has not been filed for the purposes of harassment or delay.
>
> (b) The local administrative judge may condition permission on the furnishing of security for the benefit of the defendant as provided in Subchapter B.

Although relator's petition refers to several constitutional provisions, as we read the petition, she alleges that in denying her permission to file the petition for writ of mandamus, Judge Halbach deprived her of her right to file suit without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

**Due Process Argument**

Relator contends that Judge Halbach's order deprived her of "access to the appellate court and the ability to seek a meaningful appeal." Three sister courts of appeals have concluded that the vexatious litigant statute does not violate the vexatious litigant's constitutional due process rights. *See Johnson v. Sloan*, 320 S.W.3d 388, 389–90 (Tex. App.—El Paso 2010, pet. denied); *Clifton v. Walters*, 308 S.W.3d 94, 101–02 (Tex. App.—Fort Worth 2010, pet. denied); *In re Johnson*, No. 07-07-0245-CV, 2008 WL 2681314, at *2 (Tex. App.—Amarillo Jul. 9, 2008, orig. proceeding) (mem. op.). Relator has not shown that the restrictions in the vexatious litigant statute are unreasonable or arbitrary when balanced against the purpose and basis of the statute. The statute does not authorize courts to act arbitrarily, but permits them to restrict a plaintiff's access to the

4

courts only after first making specific findings that the plaintiff is a vexatious litigant based on factors that are closely tied to the likelihood that the litigation is frivolous. Tex. Civ. Prac. & Rem. Code Ann. § 11.054.

Although relator has been found to be a vexatious litigant, chapter 11 and the trial court's order do not categorically bar her from prosecuting a lawsuit, but require her to obtain permission from the local administrative judge before filing. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.102. Therefore, relator has not been deprived of her access to appellate courts or her ability to seek a meaningful appeal. We conclude that, as applied to relator, chapter 11 does not violate her constitutional due process rights. *See Johnson*, 320 S.W.3d at 389–90; *Clifton*, 308 S.W.3d at 101–02; *In re Johnson*, 2008 WL 2681314, at *2.

## Challenge to Finding that Public Officials Have Appropriately Responded

Relator disagrees with Judge Halbach's finding that the public officials and governmental agencies have responded appropriately to relator's Public Information Act requests. A local administrative judge may grant a vexatious litigant permission to file suit only if it appears to the judge that the litigation has merit and has not been filed for the purposes of harassment or delay. Tex. Civ. Prac. & Rem. Code Ann. § 11.102(a). In this case, Judge Halbach found relator's petition for writ of mandamus did not have merit because all of the public officials had responded to relator's requests in an appropriate manner, and nothing in the documents filed by relator demonstrate that her claims have merit.

In her motion for permission to file a petition for writ of mandamus, relator alleges her petition has merit because each of the public officials or governmental agencies listed in the petition have "refused Petitioner's multiple verbal and written requests" to give her access to and copies of information pertaining to her divorce. Attached to relator's petition are documents from the Harris County District Clerk's office stating that the clerk has sent relator certified copies of the "Completed Casefile Docket Sheet and All Orders

and Judgments regarding TDFPS Action to Terminate Parental Rights." In response to relator's Public Information Act request, the Harris County Attorney's Office informed relator that it did not have access to the documents she requested. The Attorney General's Office responded to relator and informed her that a request under the Public Information Act does not apply to records of the judiciary. Relator sought to file a declaratory judgment action through the Harris County District Attorney's Office. The District Attorney responded to relator's request and explained that the district attorney's office did not have authority to pursue civil proceedings unrelated to criminal law matters.

From the record provided to this court, it does not appear that Judge Halbach abused his discretion in finding that the public officials and governmental agencies responded appropriately to relator's requests. We conclude that relator has not established entitlement to the extraordinary remedy of writ of mandamus against Judge Halbach.

**Authority to Grant Permission to Vexatious Litigant**

Finally, relator asks this court to compel Judge Bennett to grant her permission to file the petition for writ of mandamus. Relator has been adjudged a vexatious litigant and is subject to a prefiling order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.103. In this case, Judge Bennett is not the local administrative judge and thus does not have authority to order the filing of relator's petition. *See id.* Therefore, relator is not entitled to mandamus relief against Judge Bennett.

## CONCLUSION

Insofar as relator seeks mandamus relief against District Clerk Chris Daniel, we dismiss the petition for lack of jurisdiction. We deny the remainder of relator's petition for writ of mandamus.


/s/    Kem Thompson Frost
Justice


Panel consists of Justices Frost, Seymore, and Jamison.