**Petition for Writ of Mandamus Denied and Memorandum Opinion filed July 23, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00562-CV

---

### IN RE PATRICIA POTTS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**257th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1996-50567**

---

## MEMORANDUM  OPINION

On June 26, 2013, relator Patricia Potts filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Ken Wise, Local Administrative Judge of Harris County, to set aside portions of his order signed June 5, 2013, and grant her permission to file litigation without posting a $500

security bond pursuant to the provisions governing vexatious litigants in Chapter 11 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 11.001–11.056. We deny the petition for writ of mandamus.

## BACKGROUND

The 11th District Court of Harris County determined that relator is a vexatious litigant in an order signed February 16, 2010, and relator is on the list of vexatious litigants maintained by the Office of Court Administration of the Texas Judicial System. *See generally* http://www.txcourts.gov/oca/vexatiouslitigants.asp.; *see also* Tex. Civ. Prac. & Rem. Code § 11.104(b). Accordingly, relator is subject to a pre-filing order from the local administrative judge granting her permission before she may file litigation. *See* Tex. Civ. Prac. & Rem. Code § 11.102. On June 3, 2013, relator requested permission from Judge Wise to file a pleading entitled "Original Motion for Contempt" in the court of continuing jurisdiction over post-divorce actions related to the parent-child relationship.[1] In the motion for contempt, relator complains that her ex-husband, Vincent D. William, and his employer, DMG Equipment Company, Ltd., have failed to comply with child support and wage withholding orders, as provided for in the couple's divorce decree signed April 4, 1997, and in an order modifying child support signed November 22, 2004. On June 5, 2013, Judge Wise determined that relator's motion is effectively a motion for child support enforcement, and he signed an order granting permission to file the motion, contingent upon relator posting a $500 bond payable to Vincent D. William. *See* Tex. Civ. Prac. & Rem. Code § 11.102(b). The court stated in its order that it would entertain a motion to waive payment of the

---

[1] *See In the Matter of the Marriage of Patricia Ann Potts and Vincent Duane William and in the Interest of A.M.W., a Minor Child,* Cause Number 1996-50567, in the 257th District Court of Harris County, Texas.

bond if the Office of the Attorney General (OAG) agrees to assist relator in pursuing her motion. Relator filed a motion seeking reconsideration of the order, asserting that she is indigent. On June 20, 2013, the respondent signed an order denying her request for the court to waive the pre-filing bond. Both of these orders also expressly granted relator permission to seek review of the decision by filing a petition for writ of mandamus.

Relator now brings this petition seeking relief from respondent's June 5, 2013, order and asks this court to compel Judge Wise to vacate that portion of his order requiring the posting of bond unless she obtains assistance from the OAG.

## MANDAMUS STANDARD

Courts will grant mandamus relief to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy available by appeal. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135–36 (Tex. 2004). Relator has the burden to establish a claim for relief, including providing a sufficient record containing the documents necessary to support her contentions. *See* Tex. R. App. P. 52.7; *Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 658 (Tex. 1992).

## VEXATIOUS LITIGANTS

Chapter 11 of the Texas Civil Practice and Remedies Code addresses vexatious litigants, who are described as persons who abuse the legal system by filing numerous, frivolous lawsuits. Tex. Civ. Prac. & Rem. Code §§ 11.001–11.056. Section 11.101 of the statute, under which relator was declared a vexatious litigant, provides:

> (a) A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, in propria persona, a new

3

litigation in a court of this state if the court finds, after notice and hearing as provided by Subchapter B [Sections 11.051–.057] that

(1) the person is a vexatious litigant; and

(2) the local administrative judge of the court in which the person intends to file the litigation has not granted permission to the person under Section 11.102 to file the litigation.

Tex. Civ. Prac. & Rem. Code § 11.101(a).

The purpose of the statute is to make it possible for courts to control their dockets rather than permitting courts to be burdened with repeated filings of frivolous and malicious litigation by litigants without hope of success while, at the same time, providing protections for litigants' constitutional rights to open courts when they have genuine claims that can survive the scrutiny of the administrative judge and the posting of security to protect defendants. *In re Potts*, 357 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). In that regard, section 11.102 of the Texas Civil Practice and Remedies Code, entitled "Permission by Local Administrative Judge," provides:

(a) A local administrative judge may grant permission to a person found to be a vexatious litigant under Section 11.101 to file a litigation only if it appears to the judge that the litigation:

(1) has merit; and

(2) has not been filed for the purposes of harassment or delay.

(b) The local administrative judge may condition permission on the furnishing of security for the benefit of the defendant as provided in Subchapter B [Sections 11.051-.057].

(c) A decision of a local administrative judge denying a litigant permission to file a litigation under Subsection (a), or conditioning permission to file a litigation on the furnishing of security under Subsection (b), is not grounds for appeal, except that the litigant may

4

apply for a writ of mandamus with the court of appeals not later than the 30th day after the date of the decision. The denial of a writ of mandamus by the court of appeals is not grounds for appeal to the supreme court or court of criminal appeals.

Tex. Civ. Prac. & Rem. Code § 11.102.

Relator's petition for writ of mandamus was filed within the 30-day period provided in the statute and is timely. The trial court expressly granted relator permission to seek review of its orders. Accordingly, we have jurisdiction to review relator's petition.

## ANALYSIS

Relator seeks relief from the requirement to post a $500 bond without obtaining assistance from the OAG. [ok]. Relator raises two issues in her petition. She first asserts that the trial court abused its discretion in imposing the condition of a $500 bond because the condition deprives her of her child support rights.

Section 11.055, entitled "Security," addresses the requirement for security from a vexatious litigant and provides as follows:

(a) A court shall order the plaintiff to furnish security for the benefit of the moving defendant if the court, after hearing the evidence on the motion, determines that the plaintiff is a vexatious litigant.

(b) The court in its discretion shall determine the date by which the security must be furnished.

(c) The court shall provide that the security is an undertaking by the plaintiff to assure payment to the moving defendant of the moving defendant's reasonable expenses incurred in or in connection with a litigation commenced, caused to be commenced, maintained, or caused to be maintained by the plaintiff, including costs and attorney's fees.

Tex. Civ. Prac. & Rem. Code § 11.055.

5

Relator argues that the real party-in-interest is not entitled to any protection from litigation costs because he is in "contemptuous disobedience" of his child support obligation. She cites to the evidence, such as her affidavit and receipts, filed with her motion for contempt. Relator's claim that the real party is not entitled to costs is premature. A defendant has recourse to the security furnished *if the litigation is dismissed on the merits. See* Tex. Civ. Prac. & Rem. Code § 11.057 (emphasis added). The trial court has not considered the merits of relator's motion. If relator prevails in her child support enforcement action, the real party will not have recourse to the security.

Relator also states that she is indigent and cannot afford to pay the $500 bond. She included a Pauper's Oath with her motion for contempt. The statute does not except indigent parties with meritorious claims from the bond requirement. *See* Tex. Civ. Prac. & Rem. Code § 11.102(b). Courts have considered and denied challenges to the security bond requirement under a rational basis review, even when the litigant claims indigence. *See Retzlaff v. GoAmerica Comm. Corp.,* 356 S.W.3d 689, 703-04 (Tex. App.—El Paso 2011, no pet.) (rejecting challenge to $12,500 bond requirement by a party who filed an uncontested affidavit of indigence at trial); *Leonard v. Abbott*, 171 S.W.3d 451, 457-58 (Tex. App.—Austin 2005, pet. denied) (finding requirement to furnish security in the amount of $80,000 was not unreasonable when balanced with the costs of defending suit). Frequent pro se litigants are not a suspect class meriting strict scrutiny. *Retzlaff,* 356 S.W.3d at 704. The bond requirement is rationally related to the purpose of the statute.

Relator has not established that the trial court abused its discretion in requiring a $500 bond in this case. We overrule relator's first issue.

In her second issue, relator asserts that the trial court abused its discretion in imposing a condition that she obtain representation by the OAG because it deprives her of her right to self-representation. When we are confronted with a challenge to the constitutionality of a statute, we presume that the statute is valid and that the legislature did not act unreasonably or arbitrarily. *In re D.J.R.,* 319 S.W.3d 759, 764–65 (Tex. App.—El Paso 2010, pet. denied).

Challenges to the constitutionality of the vexatious litigant statutes have been considered and rejected by several courts of appeals, including this court. We have concluded that the vexatious litigant statute does not violate the litigant's constitutional due process rights. *See Potts*, 357 S.W.3d at 769. In addition, the Third Court of Appeals has determined that the statute does not unlawfully discriminate against pro se litigants or violate their equal protection rights. *Leonard,* 171 S.W.3d at 458. Attorneys , who are governed by prescribed rules of ethics and conduct, are subject to sanctions in various forms, including monetary sanctions. *Id.; see, e.g.,* Tex. R. Civ. P. 13. Similarly, pro se litigants are subject to Chapter 11 of the Civil Practice and Remedies Code. *See Leonard,* 171 S.W.3d at 458.

The El Paso Court of Appeals has ruled that a litigant's right to self-representation is not violated by the prohibition on filing future lawsuits in propria persona because such a restriction is rationally related to the legislature's goal of curbing frivolous litigation. *See Retzlaff,* 356 S.W.3d at 704. We agree. Relator has not established that the trial court's order stating that it would reconsider the bond requirement if relator obtained representation by the OAG violates her right to self representation.

Moreover, child support is for the benefit of the child, not the custodial parent. Therefore, the federal government has mandated that states designate agencies to assist in the collection of child support. Title IV, Part D, of the Social Security Act requires each state to designate an agency to enforce child support orders. *See* 42 U.S.C. §§ 651–69B (1984). The OAG is the designated IV–D agency in Texas.[2] *See* Tex. Fam. Code § 231.001. The OAG has the power to enforce child support orders and collect and distribute support payments. *See* Tex. Fam. Code § 102.007 (authorizing Title IV-D Agency to bring suits affecting the parent-child relationship, including suits to modify or enforce child support); *see also* Tex. Fam. Code §§ 231.002, 231.101(a)(5)-(6) (describing the powers, services, and duties of a Title IV–D agency, including enforcement, collection, and distribution of child support payments).

The OAG is authorized to assist parents in the enforcement and collection of child support. Relator has not established that the trial court abused its discretion in stating that it would reconsider the bond requirement if relator obtained assistance from the OAG. We overrule relator's second issue.

Accordingly, relator's petition for writ of mandamus is denied.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Frost and Donovan.

---

[2] "The goal of the Title IV–D child support enforcement program is to help . . . parents obtain child support for their children. The mission is to enhance the well-being of children by assuring that assistance in receiving financial support is available through various mechanisms, including enforcement of child support obligations." *In re Office of Atty. Gen.*, —— S.W.3d ——, —— n. 4, No. 11–0255, 56 Tex. Sup. Ct. J. 360, 2013 WL 854785, at *2 (Tex. 2013).

8