

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00675-CV

Tom **RETZLAFF**,
Appellant

v.

Philip R. **KLEIN**, Klein Investigations & Consulting, and James W. Landess,
Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-17145
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Patricia O. Alvarez, Justice
               Irene Rios, Justice

Delivered and Filed: August 2, 2017

AFFIRMED

This appeal is brought under section 51.014(a)(12) of the Texas Civil Practice and Remedies Code, which allows an appeal from an interlocutory order denying a motion to dismiss under the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) (West Supp. 2016). The appellant, Tom Retzlaff, argues the trial court erred in denying his motion to dismiss. We conclude the trial court did not err in denying Retzlaff's motion to dismiss and, therefore, affirm the trial court's order.

**FACTUAL AND PROCEDURAL BACKGROUND**

Retzlaff is not a party to the underlying lawsuit. Retzlaff became involved in the underlying suit, at least peripherally, when he decided to file pro se pleadings to challenge discovery propounded on another nonparty. In the underlying suit, E.M. and V.B.M. sued the appellees, Philip R. Klein, Klein Investigations & Consulting, and James W. Landess (collectively, "the Kleins"), for malicious prosecution, false imprisonment, defamation, libel, and civil conspiracy.[1] After answering the suit, the Kleins issued a subpoena and a deposition on written questions to the custodian of records for GoDaddy.com, Inc., a nonparty. In the subpoena, the Kleins sought emails as well as telephonic and other communications between Retzlaff and GoDaddy.com related to the transfer of ownership of several websites.

In response, Retzlaff filed a series of pro se pleadings in which he challenged the subpoena served on GoDaddy.com. The Kleins moved to strike Retzlaff's pleadings because Retzlaff, who had previously been declared a vexatious litigant by a Texas court, had violated the order requiring him to obtain permission prior to filing pro se pleadings. Specifically, the order "prohibited" Retzlaff "from filing, in propia persona, any new litigation in any state or federal court located in the State of Texas without first obtaining permission of the local administrative judge…." It is undisputed that Retzlaff did not obtain permission prior to filing his pro se pleadings challenging the subpoena. In addition, the Kleins filed a motion for contempt against Retzlaff.

Thereafter, Retzlaff moved to dismiss the motion for contempt pursuant to the TCPA. In his motion to dismiss, Retzlaff asserted that the motion for contempt violated his right to petition the courts. Retzlaff further argued that the motion for contempt amounted to a retaliatory lawsuit

---

[1]V.B.M. and Landess, who are divorced, are involved in a child custody and visitation dispute. Landess apparently hired Phil R. Klein and Klein Investigations & Consulting to assist in matters related to his dispute with V.B.M.

that sought to intimidate or silence him on matters of public concern. Retzlaff also asserted that the order declaring him a vexatious litigant was no longer in effect and that the Texas vexatious litigant statutes did not apply to this situation.

The Kleins filed a response to Retzlaff's motion to dismiss, arguing that their motion for contempt was not a retaliatory lawsuit within the meaning of the TCPA. The Kleins argued that a valid court order existed declaring Retzlaff a vexatious litigant and that the order was enforceable by contempt. The Kleins further argued that no case law supported the proposition that a motion to enforce a valid court order could be the basis for a motion to dismiss.

The trial court held a hearing on the Kleins' motion to strike. Retzlaff did not appear at the hearing. The trial court granted the Klein's motion to strike and signed an order striking all of Retzlaff's pleadings, including his motion to dismiss under the TCPA. The trial court did not consider or rule on the motion for contempt.

Retzlaff filed a notice of appeal challenging the denial of his motion to dismiss under the TCPA. Retzlaff appears pro se in this appeal.[2]

### APPELLATE JURISDICTION

We first consider whether we have jurisdiction over this appeal. As a general rule, appellate courts only have jurisdiction over appeals from final judgments. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). However, we also have jurisdiction over an appeal from an interlocutory order when a statute expressly authorizes such an appeal. *Id*. Our jurisdiction is controlled by the substance and function of the interlocutory order from which the appeal is taken. *Lucchese, Inc. v.*

---

[2]Retzlaff initially failed to obtain permission from the administrative judge prior to filing this appeal. After this court issued a show cause order, Retzlaff sought and obtained the required permission to file this appeal from the administrative judge. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.102, 11.103(a), 11.1035(b) (West 2017).

*Solano*, 388 S.W.3d 343, 349 (Tex. App.—El Paso 2012, no pet.); *Texas La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872, 878 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Section 27.003 of the civil practice and remedies code authorizes the filing of a motion to dismiss under the TCPA. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003 (West 2015). Section 51.014(a)(12) of the civil practice and remedies code provides: "A person may appeal from an interlocutory order . . . that . . . denies a motion to dismiss filed under Section 27.003." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12).

Here, the trial court did not expressly deny Retzlaff's motion to dismiss, but it did strike all of Retzlaff's pleadings, including his motion to dismiss. The trial court's order striking all of Retzlaff's pleadings operated to deny Retzlaff's motion to dismiss. Thus, the order striking Retzlaff's pleadings is the functional equivalent of an order denying Retzlaff's motion to dismiss. *See Solano*, 388 S.W.3d at 349 (concluding an order striking a motion was the functional equivalent of an order denying the motion). Because the challenged order is the functional equivalent of an order denying a motion to dismiss filed pursuant to section 27.003, we conclude that this interlocutory appeal is authorized by statute and we have jurisdiction over this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12).

## THE TCPA

The TCPA protects citizens from retaliatory lawsuits that seek to intimidate or silence them on matters of public concern. *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding). Codified in chapter 27 of the civil practice and remedies code, the TCPA provides a special procedure for the dismissal of such suits. *Id.*; *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001-.011. The TCPA's stated purpose is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the

maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002.

The TCPA allows a defendant to seek dismissal of a "legal action" that is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). A "'legal action' means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." *Id*. § 27.001(6). "Exercise of the right to petition" includes "a communication in or pertaining to a judicial proceeding." *Id*. § 27.001(4)(A)(i). "'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id*. § 27.001(1). The TCPA is to be "construed liberally to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE ANN. 27.011(b). However, the TCPA "does not abrogate or lessen any other…remedy…available under other…statutory…provisions." *Id*. 27.011(a).

Under the TCPA, a multi-step "process is initiated by the motion of a defendant who believes that the lawsuit responds to the defendant's valid exercise of First Amendment rights." *Lipsky*, 400 S.W.3d at 586. "Under the first step, the burden is initially on the defendant-movant to show by a preponderance of the evidence that the plaintiff's claim is based on, relates to, or is in response to the [defendant-movant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." *Id*. at 586-87 (internal quotations omitted); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). "If the movant is able to demonstrate that the plaintiff's claim implicates one of these rights, the second step shifts the burden to the plaintiff to establish…by clear and specific evidence a prima facie case for each essential element of the claim in question." *Lipsky*, 460 S.W.3d at 587 (internal quotations omitted); *see* TEX. CIV. PRAC. & REM.

CODE ANN. § 27.005(c). Finally, if the plaintiff carries this burden, the trial court must deny the motion unless the movant establishes by a preponderance of the evidence each essential element of a valid defense to the plaintiff's claim. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c),(d).

In deciding whether a plaintiff's claim should be dismissed under the TCPA, courts consider the pleadings and any supporting or opposing affidavits. *Lipsky*, 400 S.W.3d at 587. If a court determines that the defendant's constitutional rights are implicated and the plaintiff has not met its burden to establish a prima facie case, the plaintiff's claim must be dismissed. *Id*. We review the trial court's rulings on these issues de novo. *Serafine v. Blunt*, 466 S.W.3d 352, 357 (Tex. App.—Austin 2015, no pet.); *Herrera v. Stahl*, 441 S.W.3d 739, 741 (Tex. App.—San Antonio 2014, no pet.).

### THE VEXATIOUS LITIGANT STATUTES

Chapter 11 of the civil practice and remedies code provides a mechanism for a defendant in a proceeding to have a plaintiff declared a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.051 (West 2017). Under chapter 11, a court may, after notice and a hearing, enter an order prohibiting a person from filing, pro se, new litigation without obtaining permission from a local administrative judge. *Id*. § 11.101(a). Chapter 11 expressly authorizes the enforcement of an order declaring a person a vexatious litigant. "A person who disobeys an order under Subsection (a) is subject to contempt of court." *Id*. § 11.101(b).

An order declaring a person a vexatious litigant does not categorically bar a person from prosecuting a lawsuit pro se; it only requires him to obtain permission from the local administrative judge prior to filing suit. *In re Potts*, 357 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). The statutes' purpose is to make it possible for courts to control their dockets and not be burdened with repeated filings of frivolous and malicious litigation without hope of

success while, at the same time, providing protections for litigants' constitutional rights to open courts when they have genuine claims that can survive the scrutiny of the administrative judge. *Id*. at 768. "[W]hile the legislation places an additional hurdle before vexatious litigants, it does not prevent them from pursuing meritorious litigation." *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 702-705 (Tex. App.—El Paso 2011, no pet.).

## DISCUSSION

The dispositive issues in this appeal are whether the TCPA applies, and if it does, whether the Kleins established a prima facie case for each essential element of their motion for contempt. However, before we address these issues, we must address Retzlaff's arguments that no valid order declaring him a vexatious litigant exists and that the Texas vexatious litigant statutes do not apply to this situation.

### *Order Declaring Retzlaff a Vexatious Litigant*

In his second issue, Retzlaff argues that no valid, enforceable judgment declaring him a vexatious litigant existed. Retzlaff acknowledges that, in 2008, a trial court in Bexar County, Texas rendered an order declaring him a vexatious litigant and prohibited him from filing, pro se, new litigation in any state or federal court without first obtaining permission of the local administrative judge. However, Retzlaff maintains that this order is no longer valid because he appealed the order, and the appellate court vacated and reversed the judgment in part and remanded the case to the trial court. According to Retzlaff, the order no longer exists because on remand the parties resolved the case and the trial court never signed a new order. Retzlaff mischaracterizes the appellate court's disposition of the appeal. The appellate court affirmed the portion of the judgment declaring Retzlaff a vexatious litigant. *GoAmeria Commc'ns*, 356 S.W.3d at 698-701, 705. In fact, the appellate court's opinion stated that "[n]othing stated herein should be construed to cast doubt on

the trial court's conclusion that Retzlaff is a vexatious litigant or on the court's prohibition against Retzlaff's filing any new litigation in this state."[3] *Id.* at 705. We overrule Retzlaff's second issue.

In his third issue, Retzlaff argues that the Texas vexatious litigant statutes are not applicable here because he was "brought into court involuntarily—in the posture of being a defendant." To support his argument, Retzlaff relies on *John v. Superior Court of Los Angeles*, 369 P.3d 238 (2016), which considered the issue of whether a vexatious litigant was required to obtain permission prior to filing a pro se appeal in a lawsuit she had not initiated. After examining the language and the history California's vexatious litigant legislation, the California Supreme Court held that the legislation's pre-filing requirements did not apply to the appellant because she was the defendant in the lawsuit. *Id*. at 244.

We find Retzlaff's argument unconvincing for several reasons. First, even though we may consider and draw upon authority from other states, we are not obligated to do so. *Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex. 1993). Second, even if we were to consider the out-of-state authority cited by Retzlaff, it does not apply to the situation before us. The issue decided in *John* was whether a vexatious litigant was required to obtain permission prior to filing an appeal. *See John*, 369 P.3d at 239. Here, the issue is whether Retzlaff was required to obtain permission prior to filing pro se pleadings in the trial court. Third, we disagree with Retzlaff's assertion that he was a defendant in the underlying proceeding. Retzlaff became involved in the underlying proceeding when he decided to file a series of pro se pleadings challenging discovery propounded on a nonparty and seeking relief from the trial court. Retzlaff was not a defendant in the proceedings below. We conclude that the Texas vexatious litigant statutes and the order declaring

---

[3]Retzlaff's complaint that the order before the trial court was not properly authenticated is not preserved for our review. Retzlaff, who did not appear at the hearing on the motion to strike, did not object to the order and obtain a ruling as required. *See* TEX. R. APP. P. 33.1(a) (providing that as a prerequisite to presenting a complaint for appellate review the record must show that a complaint was made to the trial court and the trial court ruled on it).

Retzlaff a vexatious litigant apply here and, therefore, Retzlaff was required to obtain permission from the administrative judge before filing pro se pleadings in the underlying proceeding. We overrule Retzlaff's third issue.

### *Application of the TCPA*

In his sixth issue, Retzlaff argues that he met his initial burden to establish the application of the TCPA. To establish the applicability of the TCPA, Retzlaff was required to show by a preponderance of the evidence that the motion for contempt was filed in response to the "valid exercise of [his] First Amendment rights." *See Lipsky*, 460 S.W.3d at 586; TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). "The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits." *Id.* at 589.

In his motion to dismiss, Retzlaff asserted that the motion for contempt violated his right to petition the courts and amounted to a "retaliatory lawsuit" to intimidate or silence him on matters of public concern. On appeal, Retzlaff argues that he met his burden to show that the motion for contempt was "based on, relate[d] to, or [was] in response to" his right to petition. For support, Retzlaff points to the allegations contained in the motion for contempt, claiming that "no further evidence is required to establish the application of the TCPA." However, the allegations in the motion for contempt simply state that Retzlaff, "deliberately and with knowledge," violated a court order declaring him a vexatious litigant by filing multiple pleadings in the underlying lawsuit.

We cannot say that the motion for contempt was filed in response to the valid exercise of Retzlaff's right to petition. Retzlaff's right to petition was previously limited by the order declaring him a vexatious litigant under chapter 11. *See GoAmerica Commc'ns*, 356 S.W.3d at 704 (acknowledging that the Texas vexatious litigant legislation "places an additional hurdle before vexatious litigants"). In fact, when Retzlaff appealed the order declaring him a vexatious litigant,

he challenged the Texas vexatious litigant statutes on a number of constitutional grounds. *GoAmerica Commc'ns*, 356 S.W.3d at 702-705. The appellate court overruled all of Retzlaff's constitutional arguments. *Id*. Thus, to validly exercise his right to petition, Retzlaff was required to satisfy the prefiling requirements set out in the order declaring him a vexatious litigant. Furthermore, the motion for contempt cannot be characterized as a retaliatory lawsuit under the TCPA. Chapter 11 of the civil practice and remedies code expressly provides that an order declaring a party to be a vexatious litigant is enforceable by contempt. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(b). By filing the motion for contempt, the Kleins were simply invoking the enforcement mechanism set forth in chapter 11.

We conclude that Retzlaff failed to meet his burden to show that the motion for contempt was filed in response to the valid exercise of his right to petition. *See Lipsky*, 460 S.W.3d at 586. Because Retzlaff did not meet his burden to establish that the TCPA applied, the trial court did not err in denying Retzlaff's motion to dismiss. We overrule Retzlaff's sixth issue.

### Prima Facie Case and No Defense

But even if Retzlaff had met his burden, we would conclude that the trial court did not err in denying Retzlaff's motion to dismiss because the Kleins established a prima facie case in support of the motion for contempt and Retzlaff failed to establish a defense.

To defeat a motion to dismiss under the TCPA, a plaintiff must establish, by clear and specific evidence, a prima facie case for each essential element of the claim in question. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). The term "prima facie case" refers to a minimal factual burden and consists of the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true. *Lipsky*, 460 S.W.3d at 590. A court may consider circumstantial evidence and rational inferences as part of the clear and specific evidence necessary to establish a

prima facie case. *Id*. at 589-90. Additionally, a court bases its determination on the pleadings and any affidavits stating the facts on which the liability or defense are based. TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a).

In his ninth issue, Retzlaff argues the Kleins failed to establish, by clear and specific evidence, a prima facie case for each essential element of their motion for contempt. The motion for contempt can be fairly characterized as alleging both civil and criminal contempt. In his opening brief, Retzlaff acknowledges that the motion for contempt alleges both civil and criminal contempt. However, in his reply brief, Retzlaff takes the position that the motion for contempt alleges only criminal contempt.

Generally, a person who willfully disobeys a valid court order may be held in contempt and is subject to punishment by imprisonment for a prescribed period of time (criminal contempt) and may be ordered imprisoned until he complies with the order (civil contempt). *See Ex parte Hall*, 854 S.W.2d 656, 658 (Tex. 1993); *Ex parte Werblud*, 536 S.W.2d 542, 545-46 (Tex. 1976). Therefore, to establish a prima facie case in a contempt action for failure to obey a court order, a party must prove the existence of a reasonably specific court order, a violation of the order, and the willful intent to violate the order. *See Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995); *Ex parte Rosser*, 899 S.W.2d 382, 385 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding).

Here, the clerk's record shows that a copy of the order declaring Retzlaff a vexatious litigant was attached to the Kleins' response to Retzlaff's motion to dismiss. The clerk's record also contains the motion for contempt, which alleges that Retzlaff violated the order declaring him a vexatious litigant by filing three different pro se pleadings without seeking permission from the administrative judge. The motion for contempt describes each of Retzlaff's pro se pleadings in detail. Additionally, these pleadings are contained in the clerk's record. Nothing in the clerk's

record indicates that Retzlaff obtained permission from an administrative judge prior to filing these pleadings. We conclude the Kleins met their burden to establish, by clear and specific evidence, a prima facie contempt case. We overrule Retzlaff's ninth issue.

Finally, in his eighth issue, Retzlaff asserts that even if the Kleins established a prima facie contempt case, the trial court still erred in denying his motion to dismiss because he established a valid defense to the motion for contempt. Under the TCPA, even when the plaintiff establishes a prima facie case, a court must dismiss the legal action if the movant establishes, by a preponderance of the evidence, each essential element of a valid defense to the plaintiff's claim. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d). According to Retzlaff, the "pleadings" filed by the Kleins and their attorney "establish that the judicial communications privilege provides [him] with a valid defense" to the motion for contempt.

Under the judicial communications privilege, a "statement made in the trial of a case, by anyone, cannot constitute the basis for a defamation action, or any other action." *Hernandez v. Hayes*, 931 S.W.2d 648, 650 (Tex. App.—San Antonio 1996, writ denied). The privilege applies to statements made by judges, jurors, counsel, parties, or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits, and pleadings in the case. *James v. Brown*, 637 S.W.2d 914, 916-17 (Tex. 1982). The privilege may also extend to statements made prior to litigation and in contemplation of a judicial proceeding. *Daystar Residential, Inc. v. Collmer*, 176 S.W.3d 24, 27 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). When the judicial communications privilege applies, it is tantamount to immunity. *Hernandez*, 931 S.W.2d at 650.

Here, Retzlaff contends that the "pleadings" filed by the Kleins and their attorney establish the judicial communications privilege, which he claims is a valid defense to the motion for

contempt. However, in his brief, Retzlaff does not identify the pleadings that form the basis of his argument, nor does he provide record citations to any pleadings. Under Rule 38.1(i) of the Texas Rules of Appellate Procedure, an appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. *See* TEX. R. APP. P. 38.1(i). Because Retzlaff's brief does not contain a clear and concise argument and appropriate citations to the record, we conclude that this issue is improperly briefed and presents nothing for our review. *See id.* We overrule Retzlaff's eighth issue.

We need not address Retzlaff's remaining issues, which are unnecessary to the disposition of this appeal. *See* TEX. R. APP. P. 47.1 (requiring an appellate court's opinion to be as brief as practicable while addressing every issue necessary to the disposition of the appeal).

## CONCLUSION

The trial court's order is affirmed.

Karen Angelini, Justice