# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00168-CV

**Daniel Caldwell, Appellant**

**v.**

**Jennifer Zimmerman, Appellee**

### FROM COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 18-0119-CC4, HONORABLE ALAN MAYFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Pro se litigant Daniel Caldwell appeals an order of the trial court designating him a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code §§ 11.054 (outlining criteria for vexatious-litigant finding), .101(c) ("A litigant may appeal from a prefiling order entered under Subsection (a) designating the person a vexatious litigant."), .103(d) ("A clerk of a court of appeals may file an appeal from a prefiling order entered under Section 11.101 designating a person a vexatious litigant . . . ."). We affirm the order.

## DISCUSSION

The parties are familiar with the underlying custody dispute and factual and procedural background leading to appellee Jennifer Zimmerman's filing of a motion to find Caldwell a vexatious litigant, and we have previously outlined the basic dispute and contentions in various opinions. *See, e.g.*, *Caldwell v. Garfutt*, No. 03-14-00019-CV, 2016 WL 105920 (Tex. App.—Austin

Jan. 7, 2016, pet. denied) (mem. op.). Accordingly, we will only briefly recite the background necessary to explain the basic reasons for our decision. *See* Tex. R. App. P. 47.1, 47.4.

This is an appeal from the trial court's order declaring Caldwell a vexatious litigant. Caldwell filed his latest pleading against Zimmerman on January 22, 2018, styled "Petition for Bill of Review" (Latest Petition). In his Latest Petition, Caldwell alleged that he was bringing a "direct attack on the Judgment of Hon. James Morgan in 17-0078-CC4 signed April 4 and filed April 6, 2017, in this court." That judgment had dismissed Caldwell's prior "Petition for Equitable Bill of Review," which he had filed to challenge the trial court's 2014 order modifying the parent-child relationship. Thus, Caldwell's Latest Petition was seeking a bill of review on the dismissal of a prior petition for bill of review.

In response to Caldwell's Latest Petition, Zimmerman filed an "Original Answer, Motion for Finding of Vexatious Litigant and Motion for Sanctions" in which she contended that Caldwell's "Petition for Bill of Review is an attempt to relitigate suits finally determined against him on multiple occasions at both the trial court and appellate levels."[1] *See* Tex. Civ. Prac. & Rem. Code § 11.054 (permitting court to find plaintiff vexatious litigant if defendant makes requisite showings). The trial court granted Zimmerman's motion and rendered its "Order Finding Daniel Caldwell a Vexatious Litigant" on February 26, 2018.

---

[1] Caldwell filed his Latest Petition about two weeks after this Court assessed damages against him in favor of Zimmerman for filing a frivolous petition for bill of review. *See Caldwell v. Zimmerman*, No. 03-17-00273-CV, 2018 WL 454736, at *1 (Tex. App.—Austin Jan. 12, 2018, no pet.) (mem. op.); *see also Caldwell v. Zimmerman*, No. 03-17-00273-CV, 2017 WL 4899447, at *4 (Tex. App.—Austin Oct. 26, 2017, pet. denied) (mem. op.).

In this appeal of the vexatious-litigant order, Caldwell first contends that his Latest Petition is not an attempt to "relitigate" claims or issues that have been finally determined against him but, rather, merely an attempt to "enforce" or "modify" prior custody orders and seek "a single ex parte writ of habeas corpus" and "a single bill of review on the basis of nonservice of a pleading." *See id.* (permitting court to find plaintiff vexatious litigant if defendant shows that plaintiff is attempting to "relitigate" finally determined claims and issues). Specifically, he contends that the trial court abused its discretion in rendering the order because his Latest Petition is not "relitigation." We disagree.

Caldwell has already unsuccessfully appealed to this Court the dismissal of his prior petition for bill of review—the exact same complaint he raises in his Latest Petition. *See Caldwell v. Zimmerman*, No. 03-17-00273-CV, 2017 WL 4899447, at *2–3 (Tex. App.—Austin Oct. 26, 2017, pet. denied) (mem. op.) (overruling Caldwell's issue complaining about trial court's dismissal of his prior petition for bill of review). His attempt to obtain a bill of review with respect to that dismissal, after unsuccessfully appealing it, is the epitome of "relitigation" under section 11.054:

> [A]fter a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:
>
> > (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or
> >
> > (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined . . . .

Tex. Civ. Prac. & Rem. Code § 11.054; *see also Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980) (holding that bill of review may not be used as additional remedy after one has made timely, but unsuccessful, appeal).

On this record, we conclude that Caldwell's Latest Petition fits squarely within the definition of "relitigation" under section 11.054. Accordingly, the trial court did not err in so concluding and, thus, did not abuse its discretion in determining that he is a vexatious litigant. *See Aubrey v. Aubrey*, 523 S.W.3d 299, 309 (Tex. App.—Dallas 2017, no pet.) (noting that appellate courts review trial court's vexatious-litigant finding for abuse of discretion); *Kachar v. Department of Family & Protective Servs.*, No. 01-08-00074-CV, 2009 WL 40000, at *4 (Tex. App.—Houston [1st Dist.] Jan. 8, 2009, no pet.) (mem. op.) (holding that trial court did not abuse discretion in finding that plaintiff continued to relitigate issues that had been determined against her).

Caldwell also challenges the vexatious-litigant statute on constitutional bases, arguing that it (1) "suspends [his] right to [a] writ of habeas corpus" and "den[ies him the future] right to seek habeas corpus relief"; and (2) violates his rights to due process, equal protection of the law, and to petition the courts for relief. As to his habeas corpus complaints, the Court of Criminal Appeals has held that Chapter 11 of the Civil Practice and Remedies Code does not apply to an application for writ of habeas corpus. *See Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (per curiam). Accordingly, we overrule Caldwell's complaint that the vexatious-litigant statute infringes his constitutional right to appropriate habeas corpus relief.

As to his other constitutional complaints, this Court and our sister courts have rejected similar constitutional arguments by vexatious litigants and, accordingly, we conclude that Caldwell has not been deprived of any constitutional rights as a result of the vexatious-litigant

4

statute. *See, e.g.*, *In re Potts*, 357 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding that Chapter 11 does not categorically bar vexatious litigant from prosecuting lawsuit but merely requires him to obtain permission from local administrative judge before filing suit, which is not arbitrary or unreasonable restriction when balanced against purpose of statute); *Retzlaff v. Goamerica Commc'ns Corp.*, 356 S.W.3d 689, 703–04 (Tex. App.—El Paso 2011, no pet.) (rejecting similar arguments about unconstitutionality of vexatious-litigant statute); *Leonard v. Abbott*, 171 S.W.3d 451, 457–58 (Tex. App.—Austin 2005, pet. denied) (noting purpose of vexatious-litigant statute and concluding that statute does not violate constitutional rights to open courts, due process, and equal protection).

We overrule Caldwell's issues and conclude that the trial court did not err in designating him a vexatious litigant.[2]

## CONCLUSION

We affirm the trial court's order designating Caldwell a vexatious litigant. We additionally deny Zimmerman's motion for sanctions.

---

[2] Caldwell filed two "notices of appeal" in this cause number. The first complains of the vexatious-litigant order. The second complains of a February 16, 2018 judgment of the trial court "dismissing Caldwell's petition for enforcement." The February 16, 2018 judgment does not appear in the clerk's record. Nonetheless, to the extent that Caldwell's appeal seeks review of orders of the trial court other than the vexatious-litigant order, we dismiss his appeal of those orders, as he has not demonstrated that he was granted permission by the appropriate local administrative judge to appeal them. *See* Tex. Civ. Prac. & Rem. Code § 11.103(a) (providing that, except for appeal of vexatious-litigant designation itself, clerk of appellate court may not file appeal by vexatious litigant unless he obtains order from local administrative judge permitting it); *see also In re Johnson*, No. 03-13-00531-CV, 2013 WL 4822489, at *1 (Tex. App.—Austin Aug. 30, 2013, orig. proceeding) (mem. op.) (dismissing petition for writ of mandamus when vexatious-litigant relator made no showing that he had obtained order from local administrative judge permitting filing thereof).

5

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   March 27, 2019