

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00442-CV
_____

IN RE ANTHONY D. JAMES, RELATOR

Original Proceeding
Arising From Proceedings Before the 137th District Court
Lubbock County, Texas
Trial Court No. 2006-411,486; Honorable John J. McClendon III, Presiding

February 11, 2020

## MEMORANDUM OPINION

Before PIRTLE, PARKER, and DOSS, JJ.

Proceeding *pro se*, Relator, Anthony D. James, an inmate in the Texas Department of Criminal Justice, Institutional Division, seeks a writ of mandamus to compel the Honorable John J. McClendon III to vacate his order of December 3, 2019, denying Relator's *Motion for Nunc Pro Tunc Order to Recall A Void Sentence and Judgment,* to hold a hearing on Relator's motion, and to reach the merits of the court's jurisdiction in the underlying matter. Relator also seeks mandamus relief against District Clerk Barbara

Sucsy. For the reasons expressed herein, we dismiss Relator's petition for writ of mandamus as it pertains to District Clerk Barbara Sucsy and deny Relator's petition for writ of mandamus as it pertains to the Honorable John J. McClendon III.

### MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, the relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, the relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

### ANALYSIS

In 2006, Relator was convicted of four counts of aggravated sexual assault of a child and one count of indecency with a child. He was sentenced to imprisonment for life for each of the aggravated sexual assault of a child convictions, to be served concurrently, and to a fifth concurrent sentence of imprisonment for a term of forty years for the indecency with a child count. Relator appealed his convictions and this court affirmed

those convictions in June 2007. *See James v. State,* No. 07-06-0429-CR, 2007 Tex. App. LEXIS 4531, at *1 (Tex. App.—Amarillo June 6, 2007, no pet.) (mem. op., not designated for publication).[1]

In the petition for writ of mandamus now before us, Relator contends the trial court's December 3, 2019 denial of his *Motion for Nunc Pro Tunc Order* was an abuse of its discretion because the court did not hold a hearing on his motion and reach the merits concerning the issue of the trial court's original jurisdiction over his case. Secondly, Relator argues the District Clerk breached her ministerial duties by neglecting and/or failing to docket the motion properly before the trial court for the submission hearing scheduled on December 6, 2019.

Relator's *Motion for Nunc Pro Tunc Order* requested the "immediate filing and consideration for a dismissal of a void judgment with a [sic] illegal sentence due to the grand jury's hearing without proper investigation of the State's fraudulent indictment." Relator argues that "vital pre-trial issues concerning the State's representation" of the indictment were not addressed, rendering the indictment setting forth the charges against him fraudulent. He contends the indictment was fraudulent because the grand jury that returned a "true bill" against him did so without all of the facts of his case before it.

It is Relator's burden to show entitlement to mandamus relief. *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2001, orig. proceeding). In his *Motion for Nunc*

---

[1] Relator did not file a petition for discretionary review in the Texas Court of Criminal Appeals but did subsequently file three petitions for writs of mandamus. *See In re James,* No. 07-17-00085-CV, 2017 Tex. App. LEXIS 3229 (Tex. App.—Amarillo Apr. 12, 2017, orig. proceeding); *In re James,* No. 07-16-00113-CR, 2016 Tex. App. LEXIS 9560 (Tex. App.—Amarillo Aug. 29, 2016, orig. proceeding); *In re James,* No. 07-16-00302-CR, 2016 Tex. App. LEXIS 3026 (Tex. App.—Amarillo March 23, 2016, orig. proceeding).

*Pro Tunc Order,* Relator is not seeking to correct a clerical error in the judgment. Instead, based on the assertions in his petition, he is attacking the validity of his convictions and sentences based on an indictment he contends was fraudulent. This requires a discretionary or judicial decision. Such a complaint is not properly raised in a motion for *nunc pro tunc* judgment or a petition for writ of mandamus. Relator's request for dismissal of an allegedly void sentence is properly raised in an article 11.07 application for writ of habeas corpus. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). Under article 11.07 of the Texas Code of Criminal Procedure, the Texas Court of Criminal Appeals has exclusive jurisdiction over post-conviction relief from final felony convictions. *In re Watson*, 203 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding). Thus, the courts of appeals do not have jurisdiction in such matters. *In re Briscoe*, 230 S.W.3d 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). Consequently, Relator must challenge the validity of his sentence in a habeas corpus proceeding in the Texas Court of Criminal Appeals. We must, therefore, deny Relator's request for mandamus relief against the Honorable John J. McClendon III.

While not mentioned in the body of Relator's argument or in his prayer, we do note that Relator's second issue stated in his petition for writ of mandamus alleges that the District Clerk breached her ministerial duties by neglecting and/or failing to docket the motion properly before the trial court for the submission hearing scheduled on December 6, 2019. We do not have jurisdiction to compel the District Clerk to file or schedule Relator's motions. *See* TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2019) (limiting the court of appeals' mandamus jurisdiction to (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a

4

district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge). Further, Relator has not shown that the issuance of a writ compelling the requested relief is necessary to enforce this court's appellate jurisdiction. Therefore, we dismiss the petition for writ of mandamus to the extent Relator seeks mandamus relief against District Clerk Barbara Sucsy. *See In re Potts*, 357 S.W.3d 766, 767-68 (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, orig. proceeding). *See also In re O'Hara*, No. 14-15-00379-CR, 2015 Tex. App. LEXIS 4626, at *2 (Tex. App.—Houston [14th Dist.] May 7, 2015, orig. proceeding); *In re Brown*, No. 07-11-00397-CV, 2011 Tex. App. LEXIS 8581, at *4 (Tex. App.—Amarillo Oct. 27, 2011, orig. proceeding).

### CONCLUSION

To the extent Relator seeks mandamus relief against District Clerk Barbara Sucsy, we dismiss the petition for writ of mandamus for lack of jurisdiction. Furthermore, we deny Relator's petition for writ of mandamus as it pertains to mandamus relief requested against the Honorable John J. McClendon III.


Patrick A. Pirtle
Justice

5