

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00257-CV

---

IN RE ANTHONY D. JAMES, RELATOR

---

Original Proceeding
Arising From Proceedings Before the 137th District Court
Lubbock County, Texas
Trial Court No. 2006-411,486-A; Honorable John J. McClendon III, Presiding

---

November 3, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Proceeding *pro se*, Relator, Anthony D. James, an inmate in the Texas Department of Criminal Justice, Institutional Division, seeks a writ of mandamus to compel the Honorable John J. McClendon III to (1) vacate the order dismissing his case and (2) hold a hearing regarding Relator's *Verified Motion to Reinstate Motion Challenging the Subject-Matter Jurisdiction*. For the reasons expressed herein, we deny Relator's petition for writ of mandamus.

**MANDAMUS STANDARD OF REVIEW**

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two fundamental requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

**ANALYSIS**

In 2006, Relator was convicted of four counts of aggravated sexual assault of a child and one count of indecency with a child. He was sentenced to imprisonment for life for each conviction for aggravated sexual assault of a child, to be served concurrently, and to a fifth concurrent sentence of imprisonment for a term of forty years for the conviction for indecency with a child. Relator appealed his convictions, and this court affirmed those convictions in June 2007. *See James v. State*, No. 07-06-0429-CR, 2007 Tex. App. LEXIS 4531, at *1 (Tex. App.—Amarillo June 6, 2007, no pet.) (mem. op., not

designated for publication).  Relator did not file a petition for discretionary review in the Texas Court of Criminal Appeals; however, he did subsequently file four petitions for writs of mandamus challenging his convictions and sentences.  *See In re James*, No. 07-19-00442-CV, 2020 Tex. App. LEXIS 1175 (Tex. App.—Amarillo Feb. 11, 2020, orig. proceeding); *In re James*, No. 07-17-00085-CV, 2017 Tex. App. LEXIS 3229, at *1 n.1 (Tex. App.—Amarillo Apr. 12, 2017, orig. proceeding); *In re James*, No. 07-16-00302-CR, 2016 Tex. App. LEXIS 9560 (Tex. App.—Amarillo Aug. 29, 2016, orig. proceeding); *In re James*, No. 07-16-00113-CR, 2016 Tex. App. LEXIS 3026 (Tex. App.—Amarillo March 23, 2016, orig. proceeding).

In his most recent petition for writ of mandamus, Relator contends the trial court's May 8, 2020 dismissal of his motion based on his failure to appear for a hearing on his motion was an abuse of its discretion because Relator did not receive notice of the submission hearing schedule due to the COVID-19 pandemic.[1]  According to Relator, he learned of the dismissal of his motion through family members after those persons had requested information from the court.[2]

---

[1] In his *Verified Motion to Reinstate Motion Challenging the Subject-Matter Jurisdiction*, Relator states, "The Court dismissed the case for want of prosecution because [Relator's] failure to appear at a hearing on May 8, 2020.  However, [Relator] did not receive notification of the submission hearing if it was sent during the midst of the COVID-19 Global pandamic [sic] outbreak that shutdown the nation."

[2] Relator alleges he learned of the dismissal after his family members called the district clerk's office to inquire on the status of his motion on May 1, 2020, on July 16, 2020, and on July 29, 2020.

Citing Texas Rule of Civil Procedure 165a(a),[3] Relator argues that a party must be given proper notice of a trial or hearing before a court may dismiss the matter for failure to appear. Relator asserts he was not properly notified and thus, the trial court abused its discretion in dismissing his motion. Through this petition for writ of mandamus, Relator requests that this court compel Respondent to vacate the order dismissing his motion and to conduct an oral hearing on his timely filed *Verified Motion to Reinstate Motion Challenging the Subject-Matter Jurisdiction.*

In support of the petition for writ of mandamus, Relator attached a copy of his *Verified Motion to Reinstate Motion Challenging the Subject-Matter Jurisdiction* filed in the trial court on August 17, 2020, as well as his initial *Motion Challenging the Subject-Matter Jurisdiction* filed in the trial court on March 11, 2020. He has also attached copies of his cover letters, a copy of the 2006 indictment against him, and an excerpt from an appellate brief and opinion. Relator has not included a copy of an order dismissing his motion for failure to appear nor has he included any other documentation pertaining to notice or his requested relief.

It is Relator's burden to show entitlement to mandamus relief. *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding). While we agree that the

---

[3] Trial courts are generally granted considerable discretion when it comes to managing their dockets but such discretion is not absolute. *See In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding). The trial court may dismiss a suit that has not been prosecuted with reasonable diligence under either its inherent authority or Rule 165a of the Texas Rules of Civil Procedure. *Id.*; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). *See* TEX. R. CIV. P. 165a. Under Texas Rule of Civil Procedure 165a, the trial court may dismiss a case for want of prosecution in two circumstances: (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice or (2) when a case is "not disposed of within time standards promulgated by the Supreme Court." TEX. R. CIV. P. 165a. In such cases, "[a] court shall dismiss . . . unless there is good cause for the case to be maintained on the docket." *Id.*

fundamental requirements of due process mandate an opportunity to be heard and that a district court may be compelled via mandamus to consider and rule within a reasonable time on a pending motion presented to the court, this court will only compel such action when the record supports the necessity of it. *Creel v. Dist. Atty. for Medina Cnty.*, 818 S.W.2d 45, 46 (Tex. 1991). *See State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987).

The determination regarding what constitutes a reasonable period of time to rule on a motion is dependent on several factors, including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the trial court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See In re Hickman-Bey*, No. 13-11-00573-CV, 2011 Tex. App. LEXIS 7613, at *4 (Tex. App.—Corpus Christi, Sept. 16, 2011, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Thus, a court has a reasonable time within which to consider and rule on a motion and whether such a period has lapsed is dependent on the circumstances of each case. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

Here, Relator filed with the district court his *Verified Motion to Reinstate Motion Challenging the Subject-Matter Jurisdiction* on August 17, 2020. On September 23, 2020, he filed with this court his motion for leave to file petition for writ of mandamus and petition for writ of mandamus asking this court to compel Respondent to hold an oral hearing on the *Verified Motion to Reinstate Motion Challenging the Subject-Matter Jurisdiction*.

5

While filed with this court on September 23, 2020, those documents were dated September 1, 2020, by Relator, a mere two weeks after he filed his motion with the district court. Just over a month lapsed between the filing of his motion in the district court and the filing of his motion and petition with this court. We cannot say, based on the record before us, that a reasonable time within which the district court had to rule on Relator's motion has passed. *See e.g.*, *In re Thomas*, No. 12-02-00318-CV, 2002 Tex. App. LEXIS 8022, at *3 (Tex. App.—Tyler Nov. 8, 2002, orig. proceeding). This is particularly true given the state of trial dockets during the COVID-19 pandemic. Consequently, we find Relator has not satisfied his burden to obtain mandamus relief and we deny Relator's petition for writ of mandamus as it pertains to the Honorable John J. McClendon III.

While not specifically addressed in the body of Relator's petition, his second issue stated in his petition for writ of mandamus alleges that the district clerk breached or neglected her ministerial duties by failing to docket and set for hearing his *Verified Motion to Reinstate Motion Challenging the Subject-Matter Jurisdiction.* We do not have jurisdiction to compel the district clerk to take this action. *See* TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2020) (limiting the mandamus jurisdiction of the court of appeals to (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge).

6

Therefore, we dismiss the petition for writ of mandamus to the extent Relator seeks mandamus against District Clerk Barbara Sucsy. *See In re Potts*, 357 S.W.3d 766, 767-68 (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, orig. proceeding). *See also In re O'Hara*, No. 14-15-00379-CR, 2015 Tex. App. LEXIS 4626, at *2 (Tex. App.—Houston [14th Dist.] May 7, 2015, orig. proceeding); *In re Brown*, No. 07-11-00397-CV, 2011 Tex. App. LEXIS 8581, at *4 (Tex. App.—Amarillo Oct. 27, 2011, orig. proceeding

### CONCLUSION

To the extent Relator seeks mandamus relief against District Clerk Barbara Sucsy, we dismiss the petition for writ of mandamus for lack of jurisdiction. Furthermore, we deny Relator's petition for writ of mandamus as it pertains to relief requested against the Honorable John J. McClendon III.

Patrick A. Pirtle
Justice